CHARLES NELSON, Respondent, *v.* THE VILLAGE OF CANISTEO, Appellant.

A village incorporated under the act of 1870 (Chap. 291, Laws of 1870), by the act of incorporation assumes the duty of caring for and repairing its streets, and for its neglect to do so is liable to a party injured.

It is no defense, therefore, that the defect complained of existed at the time of the incorporation, or that the municipality has omitted to make ordinances or by-laws in reference to repairing its streets.

Where numerous exceptions appear in a case, most of which are untenable, but some one of them may be sustained by reason or authority, the attention of the court should be specifically called thereto; it is not suf-

ficient to group them all together in the points of counsel under a single allegation of error, without stating a ground to support any one.

(Argued June 19, 1885 ; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 20, 1882, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence in omitting to keep one of its streets in repair.

The facts appear sufficiently in the opinion.

*Eli Soule* for appellant. The power of the trustees to make ordinances is of a legislative and judicial character, to be exercised at such time and in such manner as they in their judgment shall deem proper. An omission to exercise such power imposes no liability on the corporation. (*Levy* v. *Mayor, etc.*, 1 Sandf. 465 ; *Griffin* v. *Mayor, etc.*, 5 Seld. 459 ; *Goodrich* v. *Chicago*, 20 Ill. 445 ; 2 Dill. on Mun. Corp. [2d ed.], § 753, and note ; 1 R. S. [7th ed.] 805 ; *Weet* v. *Trustees of Village of Brockport*, 16 N. Y. 161, note; *Conrad* v. *Village of Ithaca*, id. 158 ; Laws of 1870, chap. 291, § 1, tit. 7.) A municipal corporation, bound to keep its streets in repair, does not become an insurer of travelers thereon. It is under no obligation to provide for everything that may happen upon its streets, but only for such use of them as is ordinary, or as may reasonably be expected. (*Ring* v. *City of Cohoes*, 77 N. Y. 83.) Where power is conferred upon a municipal corporation to make local improvements, its exercise is *quasi* judicial or discretionary, and for a failure to act, or an erroneous estimate of the public needs, a civil action cannot be maintained against it. (*Urquhart* v. *Ogdensburg*, 91 N. Y. 67.) A municipal corporation is not liable for an accident occasioned by a defect in the plan upon which a public work is constructed. (*Urquhart* v. *Ogdensburg*, 91 N. Y. 67, 71.) Every encroachment upon a highway is not a nuisance. (*Peckham* v. *Henderson*,

27 Barb. 207; *Harrower* v. *Ritson*, 37 id. 301; *Goldsmith* v. *Jones*, 43 How. 415; *Howard* v. *Robbins*, 1 Lans. 63.) Determining whether an encroachment is a nuisance or not, is a judicial act. (*Ring* v. *City of Cohoes*, 77 N. Y. 83, 90 ) The trustees of the village had no power to abate a nuisance. (Laws of 1870, chap. 291, tit. 3, § 3, subd. 20; *Griffin* v. *Mayor, etc.*, 5 Seld. 459; *Goodrich* v. *Chicago*, 20 Ill. 445; 2 Dill. on Mun. Corp. [2d ed.], §' 53, note.) The trustees of a village are not bound to be experts or skilled mechanics. (*Hume* v. *Mayor, etc.*, 47 N. Y. 639.) The public authorities are not presumed to have notice of a latent defect in the covering of an opening in a sidewalk which was not made by them or under their direction. (*Hart* v. *City of Brooklyn*, 36 Barb. 229.) The village is not bound to provide for any thing which may not reasonably be expected to happen in the proper use of the walk. (*Ring* v. *City of Cohoes*, 77 N. Y. 83.) The question of the sufficiency of the covering of the hatchway when the doors were closed was not before the referee. (*Storrs* v. *Flint*, 46 Supr. Ct. [J. & S.] 498; *Southwick* v. *Bank of Memphis*, 84 N. Y. 420.)

*J. F. Wetmore* for respondent. The hatchway was a visible, prominent and dangerous nuisance of which defendant's trustees had sufficient notice. (*Todd* v. *City of Troy*, 61 N. Y. 506, 507; *Requa* v. *City of Rochester*, 45 N. Y. 136; *Davenport* v. *Ruckman*, 10 Bosw. 20; 37 id. 568, 570; *Williams* v. *Brown*, 15 id. 360; *Niven* v. *City of Rochester*, 76 id. 619; *Hart* v. *City of Brooklyn*, 36 Barb. 226; *Hyatt* v. *Trustees of Rondout*, 44 id. 385; *Ploedterll* v. *Mayor, etc.*, 55 N. Y. 666; *Hunt* v. *Mayor, etc.*, 74 id. 264; reviewing 9 Hun, 674; Constructive Notice, 29 Alb. L. J. 244, 246; Wade's Treatise on Law of Notice, 8, § 11.) Aside from the visible obstruction of the sidewalks, there was considerable evidence given on the trial bearing on the question of constructive notice to the defendant as to the otherwise dangerous condition of the sidewalk, and this having been decided in favor of the plaintiff as a question of fact, from the evidence it is not the

office of an appeal to review such questions. (*Packer* v. *Jarvis*, 3 Keyes, 271; *Lewis* v. *Blake*, 10 Bosw. 198; *Godfrey* v. *Johnston*, 1 Keyes, 556; *Weber* v. *N. Y. C. R. R. Co.*, 58 N. Y. 451; *Massoth* v. *D. & H. C. Co.*, 6 Hun, 314; 64 N. Y. 524; *Terry* v. *Jewett*, 17 Hun, 395.) Among the duties delegated by the legislature to municipal corporations which are mandatory, is to remove and make safe dangerous obstructions and excavations in the sidewalks and streets, and to keep them in repair, and the agents of the corporation are charged with this duty, and are bound to exercise an active vigilance in so doing. (*Hudson* v. *Mayor, etc.*, 9 N. Y. 163; *Clemence* v. *City of Auburn*, 66 id. 334; *Clark* v. *Village of Lockport*, 49 Barb. 158; *Conran* v. *Village of Ithaca*, 16 N. Y. 158; *Clifford* v. *Dam*, 81 id. 52; 80 id. 216.)

DANFORTH, J. That the plaintiff was injured, and that the injury was occasioned by a cause over which the defendant had control and power of prevention, are two facts about which there is no dispute. The only question is, whether it was within the duty of the defendant as well as within its power to act in relation to the matter. It was organized as a village in 1873, under the "act for the incorporation of villages." (Laws of 1870, chap. 291.) The injury was suffered by the plaintiff in December, 1877, while passing through one of its streets, by stumbling over a hatchway projecting into and above the sidewalk. It was in that condition when the village was incorporated, and the only affirmative answer by the defendant to the plaintiff's claim for compensation was "that the injuries complained of were caused" by his own neglect and fault. But this has been found the other way by the referee, and his conclusion, sustained as it is by the Supreme Court, and not without evidence to warrant it, is conclusive here. So are his findings that by the obstruction the way was made dangerous, that the trustees of the defendant had knowledge of it and its condition from the very time of its inception, and were guilty of negligence in not removing, or compelling its owner to remove it. The point made by the learned counsel for the

appellant is that although it had power to do either, it was not bound to exercise it. In this respect, however, we think its duty was not less than its power. Indeed it has been so uniformly and frequently held by the courts of this State that a municipal corporation, having power to maintain and control streets, is bound to exercise ordinary and reasonable care and diligence to see that they are kept in a reasonably safe condition for public travel, that a general rule to that effect may now be considered as established and to be applicable, whether the act or omission complained of and causing the injury was that of the municipal authorities or some third party. (*Conrad* v. *Ithaca*, 16 N. Y. 158; *Weet* v. *Brockport*, id. 161; *Saulsbury* v. *Ithaca*, 94 id. 27.) The principle applies here, unless as the appellant claims the power of the trustees was "limited to making ordinances and by-laws, under which nuisances might be abated." It does not seem to be. They might make both, but the omission to do so in no way relieves the village from the duty of caring for and preparing its streets. This was assumed by the very act of organizing as a village under the statute referred to, and for its neglect to the plaintiff's injury, the action has been properly maintained.

We have not failed to observe that the learned counsel for the appellant has grouped together upon his points, under a single allegation of error, exceptions to the admission of testimony and to the rejection of testimony, to the refusal of the referee to nonsuit and to his refusal to find as requested, and to his findings and conclusion as actually made. The exceptions are very numerous. No ground is stated for the support of any one. By examination we learn that some at least are not well taken. We find none that seem to be. If among so many, any one can be sustained by reason or authority, our attention should have been called to it more specifically.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.