Alice J. A. Tiers, Respondent, v. The Mayor, Aldermen and Commonalty of the City of New York, Appellant.

*Damages for personal injuries — duty of a city as to its streets — neglect of third persons.*

A city is bound to exercise reasonable diligence in the care of its streets, and if it fails to do so it is liable for injuries sustained by reason of the improper condition thereof, whether the act or omission which caused the injury is that of the city or of some third person.

A city cannot escape liability for damages sustained by reason of personal injuries received from the overturning of a buggy caused by a pile of sand in its street, on the ground that the neglect to light or guard such pile of sand on the night of the accident was the omission of some person who had previously assumed to place lights thereon.

Appeal by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 17th day of May, 1893, upon the verdict of a jury rendered at the New York Circuit, and also from an order entered in the said clerk's office on the 2d day of June, 1893, denying the defendant's motion for a new trial.

*Theodore Connoly,* for the appellant.

*Edward Gebhard,* for the respondent.

Follett, J.: .

This action was brought to recover damages for a personal injury caused, it is alleged, by the negligence of the defendant and its agents. Between eight and nine o'clock in the evening of May 1, 1891, the plaintiff, accompanied by a gentleman, while driving north in a buggy on the east side of Lenox avenue, between One Hundred and Thirteenth and One Hundred and Fourteenth streets, drove onto a pile of sand, was overturned, and the plaintiff thrown into the street and severely injured. The pile of sand extended from the curb on the east side of the avenue from eight to fifteen feet towards the center of the street.

There was some conflict of evidence as to how far the pile of sand extended into the avenue. The plaintiff testified that it extended from twelve to fifteen feet, and one witness called in her behalf, who lived near the place of the accident, testified that it extended fifteen feet into the avenue. One witness called by the defendant testified : " This pile extended into the street from seven to eight feet ; I suppose it might have been ten to fifteen feet long, stretching along the curb ; in my estimation from two to three feet high."

Two witnesses who lived near the scene of the accident testified, and they were not contradicted, that this pile of sand had lain in the avenue four or five months. They also testified that they saw the accident, that there was no light on the sand that evening until after the accident, when lights were placed on it. One of these witnesses testified that her attention was called to the absence of the light by the fact that there had been a light there every night before that one. It was also shown by undisputed testimony that no railing or guard was kept around the sand. ·

It does not appear that the defendant ever caused this pile of sand to be lighted or to be guarded, or requested any one to do it, or that any precautions were taken by the defendant or its agents to prevent accidents. It does not appear by whom the lights had been placed on the heap of sand before the accident.

Section 324 of the Consolidation Act provides : " § 324. It shall be the duty of the commissioners to remove all obstructions now existing, or which may hereafter be placed, upon any street or sidewalk or public ground not inclosed in any public park."

The obstruction which caused the injury had existed for four or five months before the accident, and the defendant must be deemed to have had knowledge of it. It was bound to exercise reasonable diligence in the care of the street, and if it failed to do this it is liable, whether the act or omission which caused the injury is that of the defendant or of some third person. (*Nelson* v. *Village of Canisteo*, 100 N. Y. 89 ; *Turner* v. *City of Newburgh*, 109 id. 310 ; *Pettengill* v. *City of Yonkers*, 116 id. 558.)

The defendant cannot escape liability on the ground that the neglect to light or guard the obstruction on the night of the accident was the omission of some person who had previously assumed to place lights on the obstruction. The plaintiff and her companion were driving on the proper side of the street, and there is no evidence that their negligence contributed to the injury.

The evidence is sufficient to sustain the verdict that the plaintiff was free from negligence, and that the defendant was guilty in permitting this obstruction to remain in the street unguarded, and so cause the accident.

The judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment and order affirmed, with costs.