(18 App. Div. 22.)

### MAGEE et al. v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department.   May 11, 1897.)

1. MUNICIPAL CORPORATIONS—DISCHARGING SEWER ON PRIVATE PROPERTY.
    It is a trespass for a city to discharge a sewer on private property, both because it changes the natural flow of surface water and also because it casts sewage on such property.
2. NEGLIGENCE—"RES IPSA LOQUITUR."
    The maxim "Res ipsa loquitur" applies where defendant city, at the termination of a sewer on plaintiff's land, dug a pit with a drain therefrom to carry off the overflow, and, notwithstanding such drain, water and sewage from the sewer overflowed plaintiff's land.

Appeal from special term, Kings county.

Action by William E. Magee and others against the city of Brooklyn.   From an interlocutory judgment entered on the decision of the court at special term, and from a final judgment entered on the report of a referee, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Rollin A. Breckinridge, for appellant.
Charles M. Earle, for respondents.

CULLEN, J.   This action is to recover damages for the discharge of water and sewage on plaintiffs' lands, and the destruction of their growing crops.   The city constructed a number of sewers in a large tract of territory.   The sewers emptied into a larger sewer on New Jersey avenue, which constituted the common outlet of the entire district.   This sewer was not extended to the waters of the bay, but at its termination on the land a pit was excavated, and a small drain dug from that pit to the bay, to carry off the overflow.   At the time of the overflow of plaintiffs' lands there was a very heavy fall of rain, but the sewer commenced to discharge its contents on that land before the fall of rain had become exceptional.   The special term held the defendant liable for the injury caused to the plaintiffs' property, and an interlocutory judgment was entered directing a reference to ascertain the amount of the damages.   On the report of the referee a final judgment was entered.   From the interlocutory and final judgments this appeal is taken.

There is very little to be said about this case. If it be assumed that by grading the streets and constructing the sewers the city did not change the natural direction for the flow of surface water from the area of the sewer district, it would not relieve the defendant from liability. In the natural state of the land, the surface water would flow dispersed over a large area on to the lower land beneath. The sewers, however, collected all this surface water into a single stream or body, and then it was cast upon the plaintiffs' land. This act was beyond its right, and was a trespass. In Barkley v. Wilcox, 86 N. Y. 140, it was held that the owner of the higher land cannot collect the surface water falling on the land into channels, and discharge it upon the land beneath. It was stated, "This is alike the rule of the civil and the common law." It is exactly this which has been done in this case by the defendant. Moreover, the defendant has not only cast upon the plaintiffs' land the surface water, but the sewage of the district. There cannot be even plausible contention in justification of this act. In this respect the case is entirely analogous to that of Noonan v. City of Albany, 79 N. Y. 470. The judgment can also be well supported on the ground upon which it was placed by the court below,—that of negligence. The defendant insists that previous to the time of the occurrence the subject of this suit—the sewer and drain—had proved adequate to carry away the surface water and sewage. If this be so, the fact that on this occasion the sewer overflowed the plaintiffs' land would tend to show that at that time it had become in some way defective or obstructed. We think the rule res ipsa loquitur applies. The defendant was called upon to explain what was the trouble or difficulty with the sewer on this particular occasion, and that it was not responsible for that difficulty. It wholly failed to give any sufficient explanation upon the subject. The award of damages seems large when we consider the small tract under cultivation (some six acres), but it appears to be entirely justified by the evidence. The plaintiffs were not restricted to proving the value of their crops on five acres because the complaint stated that area as the contents of their land. The variance between the contents as stated in the complaint and the actual contents as shown by the evidence was immaterial. A bill of particulars accompanied the complaint, and apprised the defendant in detail of every item of damage which the plaintiffs sought to recover. The defendant was, therefore, in no wise prejudiced or misled by the variance as to the quantity of land occupied by the plaintiffs.

The interlocutory and final judgments appealed from should be affirmed, with costs. All concur.