(54 App. Div. 26.)

### SMITH v. VILLAGE OF HENDERSON.

(Supreme Court, Appellate Division, Fourth Department.   September 25, 1900.)

HIGHWAYS—BICYCLES—LOSS OF CONTROL—GUARD RAIL—NEGLIGENCE.

Plaintiff, riding along the middle of the street in the afternoon, lost control of her bicycle by the slipping of her foot from one pedal. The bicycle turned diagonally to the right, ran across the sidewalk, and dropped with the plaintiff five or six feet to the ground below. At the point where plaintiff lost her pedal, the street was 42 feet wide, and sloped down from the middle 2 feet to the sidewalk on the right. She was familiar with the locality, and the street was smooth. *Held*, that the failure to maintain a guard rail at this point was not such negligence as would entitle plaintiff to recover for her injuries from the village, since the authorities were not bound to anticipate such an accident.

Appeal from trial term, Jefferson county.

Action by Lillian Smith against the village of Henderson.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

A. M. Leffingwell and Watson M. Rogers, for appellant.
N. F. Breen, for respondent.

LAUGHLIN, J.   The recovery in this case was for damages for personal injuries received by the plaintiff while riding a bicycle along Main street, in the village of Henderson, on the 28th day of April, 1898.   The street runs east and west along a side hill which descends southerly to Stony creek.   The village lots on the southerly side of the street extend to the creek.   There was a 4-foot plank sidewalk on either side of the creek, leaving about 42 feet of carriageway, all of which, save a few feet near either walk, appears from the photographs to have been used by vehicles.   At the locus in quo the southerly half of the carriageway sloped towards the south, the descent in that direction to the northerly edge of the sidewalk being between 1 foot 7 inches and 2 feet 6 inches; and there was a small hill in the road, making a descent towards the east of about 5½ feet in something over 100 feet.   About 6 o'clock in the afternoon of the day in question the plaintiff was returning easterly from a bicycle ride with her husband, who was riding at one side, and a little behind her.   The day was warm and pleasant, and the road was dry and smooth.   She was riding slowly about midway between the sidewalks, with her wheel under control, when, just as she reached the top of this hill and started down the descent, her left foot slipped backward, off the pedal, and the wheel turned diagonally to her right, and kept on in that course to and over the southerly sidewalk, where it dropped into a hollow or depression from 4 to 6 feet below the level of the

walk, precipitating the plaintiff upon some broken rocks, whereby the injuries complained of were inflicted. There is a conflict in the evidence as to the elevation of the walk above the street. Some witnesses say that the planks lie on the surface; and others, some of whom took measurements, that the surface of the walk was from 4 to 5 inches above the surface of the street at the point where the wheel passed onto the walk. The photographs demonstrate that the walk was somewhat above the surface of the street. The plaintiff was 32 years of age; had been familiar with the lay of the land upon either side of the roadway all her lifetime. She purchased her bicycle on the 19th of the preceding month, and testified that she learned to ride so that she was a good rider, and could manage the wheel and guide it in any direction without difficulty. She had many times ridden up and down this hill, and rode up it, going westerly, less than an hour before the accident. She says she was pumping or treading until she lost the pedal; that her other foot remained on the pedal, and she held the handle bars with both hands until the wheel passed over the walk; that it was smooth and level where she was riding, excepting that the road sloped towards the side; that she supposed she was frightened and unable to control the wheel, although she tried her best to steer it and catch the pedal. There was no other vehicle following or approaching. She was unable to explain how her foot came to slip off the pedal. By an ordinance of the village, riding bicycles on the sidewalks was prohibited. The sole ground upon which it is contended the defendant is liable is for its failure to erect a guard rail or barrier that would have acted as a buffer to prevent the plaintiff's wheel from going over the walk and down the embankment with her upon it. It will be observed that before the bicycle reached the point of danger it had traveled about 30 feet from the point where the plaintiff lost her pedal, a few feet of which was untraveled roadway next the walk, besides the width of the sidewalk, which was not designed for bicycle travel. We think that the exercise of reasonable care by the defendant to keep its streets in a safe condition for bicycle and other vehicle travel did not require its officers to foresee that this or a similar accident was likely to happen to an ordinarily careful bicycle rider properly using the carriageway, and that it is not chargeable with negligence for failure to guard against the same. Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858; Betlz v. Same, 148 N. Y. 67, 42 N. E. 401. This objection to the recovery was duly presented by a motion for nonsuit and for the direction of a verdict, and the error is raised by exception. These views require a reversal upon the merits, and render it unnecessary to examine the other exceptions.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.