(61 App. Div. 343.)

MUNN v. CITY OF HUDSON.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

1. MUNICIPAL CORPORATIONS—SEWERS—CONSTRUCTION AND REPAIR—INJURIES TO PROPERTY.

Where a city failed to use reasonable care in constructing a sewer according to plans and specifications, and failed to keep it in repair thereafter, whereby plaintiff's property and goods stored therein were damaged, the city was liable.

2. SAME—INJURIES TO HEALTH.

Where a city failed to use reasonable care in constructing a sewer according to plans and specifications, and failed to keep it in repair thereafter, and plaintiff's health was injured by sewage therefrom which entered her house, the city was liable for such injuries to her person.

Appeal from special term, Columbia county.

Action for damages by Margaret Munn against the city of Hudson. From a judgment for plaintiff, defendant appeals. Affirmed.

Appeal by the defendant from a judgment of the supreme court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 27th day of December, 1899, upon the report of a referee. The defendant is a municipal corporation, and power to construct sewers is specifically included among the powers granted to it by special charter. In the latter part of the year 1887 the common council of defendant directed that a double-tile sewer be built in State street, in said city, to connect with a stone sewer

.in Front street, and to extend to and connect with a brick sewer at the easterly line of Fourth street a distance of 2,896 feet, and that the same be built in accordance with plans and specifications adopted by said common council ·on the 13th day of September of that year. The common council provided that the sewer be built of 15-inch inside diameter vitrified tile; also, "Tile to be laid in one foot of sand in the bottom of the ditch, so as to give an even bearing to at least the center line of the tile;" also, "All joints to be carefully :and properly cemented;" also, "The work on said sewer in all stages of its progress to be subject to the inspection and approval of the city surveyor." The defendant entered into a contract with one Brennan to build said sewer, .and it was built in the late fall and early winter; the work being carried on part of the night as well as in the daytime. The defendant was represented, ·not only by the city surveyor, but also by a special superintendent. The plain- :tiff is the owner of a lot, with the buildings thereon, which lot is 50 feet wide ·on State street, and extends back 120 feet, along the easterly side of Third ·street. After the completion of said sewer, the defendant duly assessed the sum of $12.80 as a part of the expenses of constructing said sewer on the said lot and premises now owned by the plaintiff, which assessment was paid. An ordinance of the board of health of the defendant requires all residents :along the line of a public sewer to connect their drains with such sewer, and ·after the completion of said sewer all drains from the premises of the plain- tiff were connected with the said sewer, pursuant to said ordinance. On the plaintiff's lot is a two-story and basement building. The basement consists of four rooms. The first room, facing on State street, was used by the ·plaintiff as a grocery store, the second room as a saloon, the third room as a dining room, and the fourth or rear room as a cellar and storeroom for gro- .ceries, etc. The building is situated 23 feet back from the gutter line of State ·street, and between the sidewalk and the front of said building is an area ·way about 10 feet square, and the entrance thereto is by steps from said side- ·walk, and from said area way is a door leading into the basement. In connec- ·tion with said sewer, the defendant erected a catch-basin at the corner of ·Third and State streets, to take the surface water from the gutters. The top ·of said catch-basin is 1.7 feet above the bottom of the area way, and the ·bottom of the area way is 2.3 feet above the bottom of the catch-basin.· There is a drain connecting the bottom of the area way with said sewer, and also a ·drain in Third street connected with said sewer, and leading to a vault and to a sink on the premises of the plaintiff. The plaintiff asserts that in the winter of 1895 and 1896 her cellar became damp, and that she notified the ·city engineer, and he came to her premises, and said the catch-basin was too ·small, and that he would have it made larger, but it was not done unti/ April, 1897. The cellar continued damp through the year 1896, so that grocer- ies could not be kept in the cellar. The plaintiff further asserts that in Janu- ary, 1897, the water came into the basement so that it stood on the floor. ·The city superintendent of streets was notified, and he promised to come and see the premises, but did not do so, and the water disappeared, and nothing ·was done about it. Prior to April 9th, there had been trouble with the State street sewer at the intersection with Second street, a block below plaintiff's ·premises, and the tiles were then uncovered, and found to be broken and filled up, and some a foot lower than others, and they were repaired. On the 9th day of April water came into plaintiff's basement until it was 17 inches deep ·on the floor. The city engineer was notified that day. On the following day the plaintiff notified the mayor and the board of health, and the health officer ·ordered the superintendent of streets to attend to the matter. The superin- tendent of streets ordered that plaintiff's house drains be opened, and eight ·days' digging was done on plaintiff's premises, to see where the water came from, and nothing was found to account for the water. During this time the plaintiff had to walk on planks through her basement to get up and down the stairway. A rainstorm followed, and the basement was further flooded, but nothing further was done to ascertain whether the sewer was not broken and ·out of repair, as it had recently been found to be at the intersection of State .and Second streets. About the end of the month the water again disappeared, .and plaintiff refitted and reopened her store, and put in a new stock of goods. ·On the 12th day of July the basement was again flooded with filthy sewer

water, and on the 14th the sewer water in the basement was 24 inches deep. The defendant then made an investigation of the drain in State street, and found the tiles crushed in and filled up at the intersection of State and Third streets. The tiles leading from the catch-basins to the sewer were found to be entirely filled up with earth and solid matter. Plaintiff claims that shortly after the flooding of her premises, in January, 1897, she began to suffer from neuralgia and pain in her head and ear, and with loss of hearing. In January and February she was in the care of a physician, and confined to her bed for seven weeks. After the April flooding an abscess formed in her right ear, from which she claims to have suffered excruciating pain, and she lost entirely the sense of hearing in her right ear. This action is brought by the plaintiff to recover damages to her property and person. The referee found the damages to plaintiff's property to be $800, and to her person $1,000, and judgment was entered for $1,800, and costs, from which judgment this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Claudius Rockefeller and Samuel B. Coffin, for appellant.

Levi F. Longley, for respondent.

CHASE, J. A municipality, in determining whether it will build a sewer, its location, and general plan, acts judicially, and is not ordinarily liable in a civil action for its decision in any matter connected therewith. Such action is governmental and public, and not ministerial and private. After a municipality has decided to build and maintain a sewer, then the act of building and maintaining the same is ministerial, and not judicial or governmental. These principles seem to be so fully settled in this state that a discussion of the reasons therefor is unnecessary. Lloyd v. Mayor, etc., 5 N. Y. 369, 55 Am. Dec. 347; Barton v. City of Syracuse, 36 N. Y. 54; McCarthy v. City of Syracuse, 46 N. Y. 194; Mills v. City of Brooklyn, 32 N. Y. 489; Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321; Quill v. Mayor, etc., 36 App. Div. 476, 55 N. Y. Supp. 889; Hughes v. City of Auburn, 161 N. Y. 96, 55 N. E. 389, 46 L. R. A. 636.

Where a municipality undertakes a ministerial duty, it incurs the same liability for injuries to property resulting from negligence as does an individual. McCarthy v. City of Syracuse, supra. The defendant in this case undertook the construction of a public sewer in the street adjoining plaintiff's premises. The plans and specifications for such sewer were adequate and sufficient, but it was the duty of the defendant to use reasonable care in constructing the sewer according to the plans and specifications, and it was also the duty of the defendant to use reasonable care in keeping said sewer in proper repair. McCarthy v. City of Syracuse, supra; Nims v. Mayor, etc., 59 N. Y. 500. The trial court found that the defendant constructed said sewer in a negligent, insufficient and improper manner, and that it did not use to exceed three loads of sand in laying the entire 2,896 feet of sewer, and that by reason of such negligence, and the failure of the defendant to carry out the plans and specifications, the said sewer became broken, crushed, and disconnected, and filled with solid matter to such an extent as to back up the sewage therein, and cause the same to flow into plaintiff's house. For several years after the sewer was completed it accomplished the purpose for which it was built. The fact that the sewer proved adequate to carry away the

surface water and sewage for several years after it was completed, and then failed to carry away such surface water and sewage, tended to show that it had in some way become defective or obstructed. Magee v. City of Brooklyn, 18 App. Div. 22, 45 N. Y. Supp. 473. We are of the opinion that the evidence discloses a state of facts that should have led the defendant to an investigation of the condition of the sewer at or about the intersection of State and Third streets, long prior to the time when the same was in fact uncovered, examined, and repaired. The trial court has found that the damage to the plaintiff's property and also the damage to her health was occasioned by the negligence of the defendant, and that the plaintiff in no way contributed to such injury by her own negligence. All the findings of fact made by the trial court seem to be based upon sufficient evidence to sustain them.

The defendant insists that the plaintiff cannot as a matter of law recover damages from the defendant for injuries to her health arising from a defective public sewer, and such claim of the defendant constitutes the important question arising upon this appeal. The court of appeals in the case of Hughes v. City of Auburn, 161 N. Y. 96, 55 N. E. 389, 46 L. R. A. 636, has held that no positive duty rests upon a municipality "to construct or maintain a system of sewers for the protection of health. It may have extensive powers in that respect, but their exercise rests largely in the discretion of the authorities, and for an omission to act at all, or for some action that may appear to be unwise or even negligent, where there is no actual invasion of property rights, but merely a failure to accomplish the desired end in the promotion or protection of health, the individual has no right of action." This was an action brought by an administratrix, the mother of the intestate, and she claimed that her daughter's death had been caused by the defendant's negligently constructing and maintaining a sewer so as to flood the house and premises where the plaintiff lived with her family. The house and premises were owned by the plaintiff individually, and the deceased had no interest whatever in the property. The court held that the action was not brought by the plaintiff in her right as owner, but only as a personal representative of the intestate, and that, as the intestate was not the owner of the property on which the trespass was committed, she could not have recovered in her lifetime, and that the plaintiff had no right of action as her representative. The court, however, recognized the liability of a municipality for a trespass or nuisance in the following words: "It is doubtless true that a city may not conduct sewage into the house or upon the premises of an individual, and, if it does, is responsible to him in damages for the trespass or the nuisance." The decision in Hughes v. City of Auburn is not a departure from the former decisions of that court with reference to actions to recover damages for a nuisance. In Kavanaugh v. Barber, 131 N. Y. 211, 30 N. E. 235, 15 L. R. A. 689, which was an action to recover damages for personal injury by reason of vapors arising from a manufactory, evidence was admitted showing that the air in the neighborhood was tainted with odor, and that the plaintiff's wife and daughter became ill in consequence. The house occupied by the plaintiff was owned by

the plaintiff's wife, and not by the plaintiff, and the question presented was, whether an action could be maintained by the husband to recover damages for the injury. The court say:

"Interference with public and common rights, creating a public nuisance, and accompanied with special damage to the owner of lands, gives a right of private action. The public nuisance as to the person who is specially injured thereby in the enjoyment or value of his lands becomes a private nuisance also. Upon the evidence in this case upon the part of the plaintiff, defendant maintained a public nuisance. The air in the neighborhood was for a long distance infected with the disagreeable odor of asphalt, and rendered residence within the area uncomfortable, and life therein less enjoyable. Upon these facts, the plaintiff's wife, who owned and lived in the premises, sustained actionable injury."

In Francis v. Schoellkopf, 53 N. Y. 153, it was held that an action for damages can be sustained at the suit of one who has sustained damages peculiar to himself; but that where an injury is common to the public, and special to none, redress must be sought by a criminal prosecution in behalf of all. In Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321, it is held that if a municipality, in the exercise of a discretion reposed in it by the law, creates a nuisance to public or private rights, it is responsible therefor. And in this case, referring to the case of Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719, 27 L. Ed. 739, it says: "Municipal corporations have quite invariably been held liable for damages occasioned by acts resulting in the creation of public or private nuisances, or for an unlawful entry upon the premises of another, whereby injury to his property has been occasioned." Munk v. City of Watertown, 67 Hun, 261, 22 N. Y. Supp. 227, is an action brought by the plaintiff for damages alleged to have been sustained to his premises, also for loss of services of his wife by reason of sickness caused by large quantities of water, filth, and sewage being driven into his cellar and upon his premises. A verdict was rendered in favor of the plaintiff in the sum of $250 damages. It seems to be assumed that all that part of the verdict other than $112.75 was for loss of services of plaintiff's wife. The judgment was reduced to $112.75, on the ground that the value of the services performed by the wife when in health, and the character and extent of the work performed by her in keeping the plaintiff's house, had not been shown. There is no suggestion in the opinions written in the case that the plaintiff was not entitled to recover for loss of services of his wife, if evidence sufficient to sustain the amount of such claim had been given. Evers v. City of Long Island City, 78 Hun, 242, 28 N. Y. Supp. 825, is an action to recover damages to personal property, and for sickness occasioned by reason of the negligence of the defendant in constructing and maintaining a sewer. Judgment was directed in favor of the defendant by the trial court. The general term reversed the judgment of the trial court without indicating any distinction between damages to property and damages by reason of illness. White v. Mayor, etc., 15 App. Div. 440, 44 N. Y. Supp. 454, is an action for injury to health by reason of negligence in obstructing sewage and drainage. The decision was for the defendant. It was put upon the ground of failure to file notice of intention to commence an action and other grounds, in no way

suggesting that the action would not lie simply by reason of the fact that the claim was for injury to person, and not to property.

The contention of the defendant that the owner of property on which sewage has overflowed from a public sewer cannot recover damages for loss of health has been expressly decided against the defendant's contention in the case of Allen v. City of Boston, 159 Mass. 324, 34 N. E. 519. This was an action to recover for injuries to plaintiff's property, health, and business occasioned by a defective sewer. The court say: "The defendant also alleged that the only damage the plaintiff can recover, if any, would be injury to his property, and that injury to his health or business was wrongly allowed to be included in the damages. Such damages were specially alleged, and are clearly recoverable." Allen v. City of Boston case is referred to in the opinion in Hughes v. City of Auburn, supra, without disapproval, but distinguishing it from that case. Where, by reason of the negligence of a municipality, a trespass is committed upon premises by allowing the contents of a sewer to overflow thereon, and a private nuisance is thus created, we see no reason why the owner of the premises cannot recover, as damages, not only the injury to the property, but all other damages that are the natural and proximate result of the wrong. The damages must depend upon the proof in each case, and are only limited by the ordinary rules that require that they should not be remote or speculative.

The judgment is affirmed, with costs. All concur, except EDWARDS, J., not voting.