### BRADNER v. VILLAGE OF WARWICK.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. MUNICIPAL CORPORATIONS—STREETS—DANGEROUS OBSTRUCTIONS.

The presence in a village street of an open ditch about 300 feet long, from 3 to 4 feet wide, and from 18 to 30 inches deep, and which contained water, tended to make travel along the highway unsafe.

2. SAME—ANTICIPATION OF PERIL—ABSENCE OF PREVIOUS ACCIDENT.

Where a ditch was within the limits of travel officially fixed in laying out a village street, and existed in the very body of the street itself, the fact that the same conditions had existed for 40 years, and that there had been no previous accidents, did not show, as a matter of law, that no peril was reasonably to be expected therefrom.

3. SAME—INJURIES TO HORSE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a horse, caused by the fright of his running mate, who pushed the injured horse into a ditch, whether plaintiff was guilty of contributory negligence, because of the fact that the horse which became frightened was a colt, and had not been thoroughly broken, was properly submitted to the jury, where there was also testimony to the effect that such horse had previously been driven to the village, in the street of which the accident occurred, many times, with safety.

Appeal from Trial Term, Orange County.

Action by William A. Bradner against the village of Warwick. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

M. N. Kane, for appellant.
John J. Beattie, for respondent.

WILLARD BARTLETT, J. The plaintiff's cause of action is based upon the alleged negligence of the authorities of the defendant village in permitting the existence of an open ditch, about 300 feet long, between 3 and 4 feet wide, and from 18 to 30 inches deep, within the limits of one of the village streets. The plaintiff was driv-ing in this street, when one of his horses became frightened, and pushed the other into the ditch, causing injuries from which the animal died. For the damage thus sustained, the jury awarded the plaintiff $150, as the value of the horse.

The first question presented by the appeal is whether the evidence was sufficient to sustain a finding of negligence on the part of the village. I think it was. The duty of the village to exercise ordinary and reasonable care and diligence to see that its streets are kept in a

reasonably safe condition for public travel is not questioned. Nelson v. Village of Canisteo, 100 N. Y. 89, 2 N. E. 473. The presence of a ditch of the dimensions indicated, and which appears to have contained water, as it is frequently characterized in the testimony as a brook, certainly had a tendency to make travel along that portion of the highway unsafe. It is argued that the village authorities had no reason to apprehend the occurrence of such an accident as befell the plaintiff's horse, inasmuch as the same conditions had existed in the street for 40 years, and there was no proof of previous accidents of a similar character. It seems to me, however, that they cannot thus be absolved from responsibility, as matter of law, in view of the fact that the danger existed in the very body of the street itself. Here the excavation, being within the limits of travel officially fixed in laying out the street, was so situated that I do not think it can be held, as a legal proposition, that no peril was reasonably to be anticipated, because no previous accident had happened.

The cases relied upon by the appellant are readily distinguishable from the case at bar. Most of them relate to conditions existing, not in the highway itself, but outside its boundaries. In Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473, the alleged defect was the absence of a guard or fender on the edge of the road. In Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858, 58 Am. Rep. 522, the accident was attributed to the failure to guard an embankment outside the street. In Smith v. Village of Henderson, 54 App. Div. 26, 66 N. Y. Supp. 347, the embankment down which the plaintiff fell with her bicycle was outside the roadway, and her complaint was that the plank walk along which she was riding was not guarded by a sufficient barrier. In Patchen v. Town of Walton, 17 App. Div. 158, 45 N. Y. Supp. 145, the road itself is described as having been in excellent condition, and the alleged negligence was merely the omission to protect its outer edge; and an unguarded opening in a piece of woodland by the side of the road was the cause of the accident in Glasier v. Town of Hebron, 131 N. Y. 447, 30 N. E. 239, which it was held did not create a cause of action in behalf of the plaintiff against the town. There is a manifest difference between these cases and one in which the obstruction is a permanent excavation within the boundaries of the highway itself.

It was contended that the plaintiff was guilty of contributory negligence, by reason of the fact that the horse which became frightened was a colt which had not been thoroughly broken; but there was testimony to the effect that he had previously been driven to the village many times with safety, and the learned trial judge properly submitted this branch of the case, as well as the question of the defendant's negligence, to the jury. I think that the judgment and order should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.