FINKLE v. VILLAGE OF VALATIE.

(Supreme Court, Appellate Division, Third Department.   June 27, 1906.)

1. MUNICIPAL CORPORATIONS—REPAIR OF HIGHWAYS—DUTY.
      A village incorporated under Village Law, Laws 1897, p. 366, c. 414, is,
   by virtue of section 141, providing that the highways of the village are
   under the exclusive control and supervision of the board of trustees, bound
   to exercise ordinary care to keep its highways in a reasonably safe condi-
   tion for travel.
2. SAME—INJURY TO TRAVELER—NEGLIGENCE.
      A village bound to keep its highways in repair permitted a highway
   to remain obstructed for over a month, and thereby compelled the public
   to use as a way the property of an individual.  The individual notified
   the village of his intention to obstruct the temporary road over his prem-
   ises.  The village failed to remove the obstruction in the highway, or
   to warn travelers of the obstruction placed in the temporary road.
   A traveler was injured by the obstruction in the temporary road.  Held,
   that the village was liable, it being its duty either to remove the obstruc-
   tion existing in the highway, or to take some measure to warn the public
   of the danger of passing over the temporary road.
      [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corpo-
   rations, § 1595.]
      Chester, J., dissenting.

Appeal from Special Term, Columbia County.

Action by William W. Finkle against the village of Valatie.  From
an interlocutory judgment sustaining a demurrer to the complaint,
plaintiff appeals.  Reversed, and demurrer overruled.

   The complaint alleges that there is located within the corporate limits of
the defendant village a highway known as Chatham street, which for many
years has been maintained by the defendant as a part of its highway system;
that for a month or more prior to March 3, 1905, a portion of said street in
front of the premises of the Valatie Knitting Company had been wholly ob-
structed by ice and snow, which rendered said street impassable for vehicles;
that the defendant had been repeatedly notified of such obstruction, and that
the street was impassable by reason thereof, and it had been requested to
remove the same, but it negligently allowed such accumulation of ice and snow
to remain, and negligently refused to remove the same and make the street
passable; that by reason of such obstruction and continuously for the time
mentioned persons traveling with vehicles on said Chatham street left said
street at the place where the same was impassable, and traveled around such
obstruction and impassable portion of the street over the property of the
Valatie Knitting Company, and used the property of said knitting company
as a highway for such a distance as was necessary to avoid such obstruction,
and had so continuously used it as a highway for a month or more prior to
March 3, 1905, with the full knowledge of the defendant; that on the day
mentioned the plaintiff traveled with his horse and wagon over the property
of the knitting company which was temporarily used as a highway, as afore-
said, and returned after dark on the evening of the same day; that inter-
mediate the time when he first traveled over the property of the knitting com-
pany, as aforesaid, and his return the knitting company had placed a box
or other obstruction in such temporary way over its property, with which box
or obstruction the plaintiff collided and was injured; that prior to the time
when plaintiff was injured the knitting company had duly notified the defend-
ant that said knitting company was about to place said obstruction on its said
property at the place where the same was being used as a highway, and that
the defendant did not remove the same, or place any light or other warning at
or about said place for the protection of travelers on Chatham street or said
highway on the property of said knitting company; and that the injury of

plaintiff was caused by the negligence of the defendant and its officers, and without negligence on the part of the plaintiff, who did not know of the obstruction to the temporary way, and who by reason of the darkness was unable to observe and avoid the same. The defendant by demurrer challenges this complaint, on the ground that it does not state facts sufficient to constitute a cause of action.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Frank S. Becker, for appellant.
E. R. Harder, for respondent.

COCHRANE, J. The defendant is incorporated under chapter 414, p. 366, of the Laws of 1897, known as the "Village Law." By section 141 of said law the streets and highways of a village "are under the exclusive control and supervision of the board of trustees." In Nelson v. Village of Canisteo, 100 N. Y. 89, 2 N. E. 473, it is said:

"It has been so uniformly and frequently held by the courts of this state that a municipal corporation, having power to maintain and control streets, is bound to exercise ordinary and reasonable care and diligence to see that they are kept in a reasonably safe condition for public travel, that a general rule to that effect may now be considered as established and to be applicable, whether the act or omission complained of and causing the injury was that of the municipal authorities or some third party."

The fair meaning of the complaint is that, by reason of the obstructed highway, public travel had been diverted around the obstruction and over the property of the knitting company, and that this latter way was used for the time being as a public highway with the knowledge and acquiescence of the defendant. More than that, if this complaint is true, the village, by its wrongful omission to remove the obstruction from its public street, had practically forced the public to use as a highway the property of the knitting company. The duty of the defendant to the public was to remove the obstruction from its highway, and, failing in that duty, it cannot escape responsibility for reasonable care and watchfulness in reference to the temporary highway, which by reason of its negligence was necessarily used, and which it compelled the public to use because of the obstruction in the highway proper, which it negligently permitted to exist. The knitting company notified the defendant that it intended to obstruct the temporary road over its premises. It then clearly became the duty of the defendant either to remove the obstruction which it had wrongfully permitted to exist in the highway proper for a period of at least a month, or to take some measures to warn the public of the danger of passing over the temporary road. This is not a case where an accident happens without a reasonable opportunity for the municipality to guard against the same.

While we have not been referred to any authority in this state involving the question now under consideration, the precise principle has been determined in Vermont adversely to the defendant in several well-considered opinions in cases not as aggravated as this case, inasmuch as in those cases the regular highways were unavoidably impassable. Dickinson v. Town of Rockingham, 45 Vt. 99; Batty v. Town

of Duxbury, 24 Vt. 155; Willard v. Newbury, 22 Vt. 460.  It would be indeed a strange doctrine if a village could wrongfully suffer its highway to remain obstructed, force the public to adopt and use a way around the obstruction, knowingly permit this latter way also to become dangerous, take no measures either to open the original highway or to warn or guard the public against impending danger, and then escape liability for an accident on the theory that the accident happened on private premises by reason of 'an obstruction placed thereon by the owner of the premises.  That is this case according to the plaintiff's complaint.

It is, of course, impossible to determine in advance of the trial what the facts are in reference to this controversy, but the plaintiff should have an opportunity to establish, if he can, to the satisfaction of a jury the allegations of his complaint.

The interlocutory judgment must be reversed, with costs, and the demurrer overruled, with costs, with the usual leave to defendant to withdraw the demurrer and to answer on payment of such costs.  All concur, except CHESTER, J., who dissents.