## VAN GORDER v. VILLAGE OF SENECA FALLS.

(Supreme Court, Trial Term, Seneca County. May 4, 1907.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—LIABILITY.

A city or village whose trustees are made commissioners of the highway is bound to repair and liable for negligence in not repairing the same.

2. SAME.

In determining whether or not a sidewalk shall be built, the power to determine is judicial, and for failure to exercise that power the village is not liable.

3. SAME—DUTY OF MUNICIPALITY.

Where a village exercises its power, and directs that a sidewalk be built, and it builds the walk and a person is injured by its negligent construction, the village is liable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1612, 1624.]

Action by Mary Ann Van Gorder against the village of Seneca Falls. Defendant's motion for a new trial denied.

William H. Hurley, for the motion.
Parker & Reigle, opposed.

BENTON, J. Defendant moves for a new trial on the ground that defendant owed plaintiff no duty, and hence is not liable in damages for the condition of the street or walk where plaintiff was injured.

Defendant relies on this motion upon Cole v. Trustees of Medina, 27 Barb. 218, holding in the language of Judge Marvin:

"In short, there is no imperative duty imposed by the act upon the village or trustees to make or repair sidewalks or to cause them to be made or repaired."

Defendant insists that the building of the sidewalk was a matter of discretion as an exercise of judicial functions for which defendant is not liable. The doctrine of Cole v. Trustees of Medina is. reiterated and emphasized by the same judge in Peck v. Village of Batavia, 32 Barb. 634, but it is not the law of this state. The cases are criticised and substantially overruled in Hyatt v. Village of Rondout, 44 Barb. 385, 393. Justice Marvin himself in Clark v. Village of Lockport, 49 Barb. 580, 582, while "of the same opinion, still" holds under the authority of Storrs v. City of Utica, 17 N. Y. 104, 72 Am. Dec. 437, that a city or village whose trustees are made commissioners of the highway is liable for negligence in not repairing the highway. It is undoubtedly true that, in determining whether or not a sidewalk shall be built the power to determine is judicial, and, for the failure to exercise that power, the village is not liable. Saulsbury v. Village of Ithaca, 94 N. Y. 27, 30, 46 Am. Rep. 122. But, if the village exercises its powers and directs that a sidewalk be built, in carrying that order into execution, its act would be ministerial. If it builds the walks itself and a person is injured by reason of its negligence in constructing the walk, it is liable. Munn v. City of Hudson, 61 App. Div. 343, 70 N. Y. Supp. 525, and cases there cited. The word "streets" includes not only the roadway for the teams, but sidewalks for the pedestrians. In re Burmeister, 76 N. Y. 176; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43.

The duty is imposed upon a municipality of keeping its streets in a reasonably safe and proper condition for the public use. "Indeed, it has been so uniformly and frequently held by the courts in this state that a municipality having power to control and maintain streets is bound to exercise ordinary and reasonable care and diligence to see that they are kept in a reasonably safe condition for public travel that a general rule to that effect may now be considered as established and to be applicable whether the act or omission complained of and causing the injury was that of the municipal authorities or of a third party." Nelson v. Village of Canisteo, 100 N. Y. 89, 93, 2 N. E. 473. In determining what improvements are necessary for this purpose, the municipality acts judicially, and its failure to act does not render it liable in damages. This defendant having determined the necessity of and having commanded the building of the sidewalks, thereafter it was bound to see that what it had judicially decided was necessary for the safety of the pedestrians should be done, and the street kept in a reasonably safe condition; and if the street, through its

negligence, was unsafe, so that people were injured thereby, it was liable to them.

Motion must therefore be, and is, denied, with costs.