COLE *vs.* THE TRUSTEES OF THE VILLAGE OF MEDINA.

Where no absolute and imperative duty is imposed upon a municipal corporation, by its charter, to make or repair sidewalks in the streets, or to cause them to be made and repaired, but if the owners of lots, after having been required by ordinances or by-laws to construct or repair a side-walk, or to keep it in repair, shall neglect or refuse to do so, the trustees are *authorized* to construct such sidewalk, or repair the same, at the expense of the lot owners; and in case any sidewalk shall become impassable, or, in the judgment of the trustees, dangerous, they are *authorized* to repair the same immediately; a *discretion* is conferred upon the corporation, and it is not responsible for a refusal to enact ordinances or by-laws, in relation to the repairing of side-walks; nor, if it enacts such ordinances or by-laws, is it liable for damages arising from a neglect to enforce them.

IN September, 1856, the plaintiff, while walking upon the sidewalk, in Mill street, in the village of Medina, late in the evening, stepped into an opening between the planks and fell, and her leg and ankle were broken. This action was brought to recover damages for such injury. It was proved that the sidewalk, along Mill street, was built in 1853, by the owners of the adjoining lots, in pursuance of an ordinance of the trustees of the village, requiring such sidewalk to be constructed. It was also found that the sidewalk, at the time of the injury, was much out of repair, and evidence was given tending to show that the trustees had had notice of, and knew, the condition of the walk. When the plaintiff rested, the court, on motion of the defendant, nonsuited the plaintiff, and she excepted. Judgment was entered for the defendant, and the plaintiff appealed to the general term.

*De Puy & Bowen*, for the plaintiff.

*Sickels & Graves*, for the defendants.

*By the Court*, MARVIN, J. The legislature, on the 10th of April, 1855, passed an act revising and amending the act of 1837, incorporating the village of Medina. The trustees of the village, among other powers, are authorized to pro-

Cole *v.* Trustees of Medina.

vide for and open streets, and regulate the grading, paving, repairing and improving the same; to compel the owners of lots and grounds to construct sidewalks in front thereof, and to cover them with plank, or flag them with brick or stone, and keep the same in repair, and clear from snow or other obstruction. (*Sess. Laws of* 1855, *p.* 483, § 8.) The trustees are declared to be commissioners of highways. The act contains a special section relating to sidewalks. (§ 21.) If the owners of lots, after having been required, by ordinances or by-laws, in the manner specified in the act, to construct or repair the sidewalk, shall neglect or refuse to construct the same, or keep it in repair, for 90 days, the ordinance or by-law shall be published six weeks, and then the trustees are authorized to construct such sidewalks, or repair the same, in pursuance of any such ordinance, by-law or requirement, and the expenses are to be a tax upon the owner, and a lien upon his lots. By an act passed April 1, 1856, this section was so amended as to substitute 60 instead of 90 days, within which the owner is to construct or repair the sidewalk. And also providing, that "if at any time any sidewalk in front or along the side of any lot or grounds, in said village, shall become impassable or, in the judgment of the trustees of said village, dangerous, for any reason, they are hereby authorized to repair the same immediately," and collect of the owner of the lot the expenses.

After examining the cases cited by the plaintiff's counsel, I remain of the same opinion as at the circuit, viz: that the plaintiff cannot recover. The village of Medina is a municipal corporation. Its powers are mainly exercised by a board of trustees, upon whom the statute confers certain specific powers. Most of these powers are, in their nature, discretionary and legislative. The trustees have power to make and establish by-laws, to prevent and suppress vice and immorality, &c. They have power to provide for and open streets, &c., and to compel the owners of lots and grounds to construct sidewalks in front thereof, and keep the same in repair.

The mode of proceedings is specially pointed out. It is by ordinances or by-laws requiring the owners of lots or grounds to construct or repair sidewalks in front, or along the side thereof. If the owner neglects for a certain time, then the trustees are *authorized* to construct such sidewalks, or repair the same, at the expense of the owner of the lots. And by the act of 1856, if the sidewalks shall become impassable, or, in the judgment of the trustees, dangerous, they are authorized to repair the same immediately, without waiting for the owner of the lot to make the repairs, and at the expense of the owner. All these powers are discretionary. There is no absolute and imperative duty imposed upon the trustees to make or repair the sidewalks. They cannot make them in the first instance; but if there are to be any sidewalks at all, the trustees must first act by ordinances or by-laws. They must legislate. They are to exercise discretion. They are not responsible for a refusal thus to enact ordinances or by-laws; or if they enact them in relation to sidewalks, they are not liable for a neglect to enforce them. In short, there is no imperative duty imposed by the act upon the village or the trustees, to make or repair sidewalks, or to cause them to be made or repaired. And I apprehend that very few of our villages would consent that an *imperative duty* should be imposed upon them to make, or cause to be made and kept in repair, their sidewalks; thus incurring taxation, often unnecessarily, as along many of the streets little used, artificial sidewalks are not required.

The inhabitants and taxpayers are content that trustees elected by them should have certain discretionary powers over them, relating to streets, sidewalks and a great variety of other matters. But it would be a great revolution, to change these numerous discretionary judicial powers into absolute ministerial *duties,* so as to render the corporation liable in an action for damages arising from any neglect to perform the specified work or act.

This case has no analogy to the case of *The Mayor &c.*

*of New York* v. *Furze*, (3 *Hill*, 612.) The facts and circumstances are very different. Besides, that case is only authority for the position that the corporation of New York was bound to repair the sewers it had constructed, and was liable for the damages sustained by Furze by reason of the neglect to repair the sewers. See the comments upon this case in *Wilson* v. *The Mayor &c. of New York*, (1 *Denio*, 595,) where the true distinctions are taken between *duties judicial* and *discretionary* in their nature, and those which are imperative. And see also *The Rochester White Lead Co.* v. *The City of Rochester*, (3 *Comst.* 463.) In that case the work (a culvert) was constructed by the city, negligently and unskillfully. The plaintiff sustained damages in consequence, and he was very properly allowed to recover. The city undertook the performance of a work it was authorized to perform, and performed the work so imperfectly and negligently as to cause injury to the plaintiff. These cases are no authority for sustaining the action in this case.

The judgment should be affirmed.

[GENESEE GENERAL TERM, May 17, 1858. *Grover, Marvin* and *Davis*, Justices.]