| 94 | 121 |
| e 25 SC | ⁴573 |
| 94 | 121 |
| 36 SC | ⁴430 |

## Borough of Norristown *versus* Fitzpatrick.

1. N. was injured, while crossing a street in a borough, by the firing of a cannon by a crowd of citizens. In an action against the borough to recover damages for the injury, the jury, in a special verdict, found that the cannon had been fired at short intervals, for several hours, at various points in the borough ; that it was not fired at any public or authorized celebration ; that a policeman was standing by and made no effort to stop the firing. A special Act of Assembly authorized the borough to appoint policemen, remove nuisances, &c. : *Held*, that the borough was not liable.

2. Admitting that such an assemblage was a nuisance, and that of the worst kind, it is one that a municipal corporation cannot abate by the use of ordinary appliances, such as suffice for the removal of natural or material obstructions in or near a highway, and resort therefor must be had to the police, but for the doings or misdoings of those who compose this force, the municipality is not liable.

3. Cities, borough and townships have been held responsible for neglect in the maintenance of highways, sewers, wharves, &c., because they belong to their immediate jurisdiction, and over them they alone have jurisdiction. But the conservation of the peace is a public duty put by the Commonwealth into the hands of various public officers.

4. Police officers cannot be regarded as servants or agents of the city or borough. Their duties are of a public nature and their appointment is devolved on cities and towns by the legislature as a convenient mode of exercising a public function, but this does not render them liable for their unlawful or negligent acts.

[Borough of Norristown *v.* Fitzpatrick.]

March 22d 1880. Before SHARSWOOD, C. J., MERCUR, GOR-
DON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Montgomery county:*
Of January Term 1879, No. 10.

Case by Alice Fitzpatrick by her next friend, J. Fitzpatrick,
against the burgess and town council of the borough of Norris-
town, to recover damages for injuries alleged to have been received
through the negligence of the defendants.

At the trial, under the instruction of the court, the jury found
the following special verdict: "That the plaintiff was injured on
the night of the 31st December 1875, in the borough of Norris-
town, about 9 P. M., while lawfully crossing Main or Egypt street,
one of the most public thoroughfares in the said borough, by the
discharge of a small swivel cannon loaded with powder and wad,
and fired on the said street by a body of citizens, who were then,
to the number of at least twenty-five, standing either on the pave-
ment of or on the said street. That the wadding of the cannon
struck the plaintiff, a young girl between the years of fifteen and
sixteen, scarring her face, destroying her left eye, and mutilating
the eyelids and a portion of the eyebrow. That on the same
evening, for about two hours preceding this accident, the same
citizens fired the gun aforesaid repeatedly in the streets of the said
borough at the most public places throughout the corporate limits,
and first having obtained the permission of those before whose
houses they fired before firing in every case. That some of the
citizens who were thus engaged were intoxicated in various
degrees, but were not boisterous or disorderly in any other respect
except in firing the cannon at the places and times aforesaid, and
that the cannon was generally fired with the muzzle so depressed
that the wad was discharged into the ground. That the borough
of Norristown within the corporate limits of which this cannon
was thus fired, is a borough duly incorporated, and we make the
act incorporating it and the various supplements thereto, together
with the ordinance offered and received, a part of our finding.
That when the cannon was fired, at the time the injury was
inflicted, a duly appointed and qualified police officer of the said
borough was present within sight and hearing, and that he neither
aided nor assisted in the firing; and that he made no effort to pre-
vent the firing thereof. That the citizens who were firing were
acting independently, and not in pursuance of or in co-operation
with any municipal celebration. That the plaintiff has sustained
damages to the amount of $3318.74."

The Act of February 8th 1847, Pamph. L. 72, provided for the
appointment by the borough of police officers, and prescribed the
ordinary duties of such officers. An ordinance of the borough also
specially forbade the lighting or throwing in the streets of crackers
or any article made of gunpowder.

[Borough of Norristown v. Fitzpatrick.]

The court entered judgment for the plaintiff on the special verdict, when defendants took this writ and assigned this action for error.

*B. M. Boyer* and *George N. Corson*, for plaintiffs in error.— Municipal corporations are sometimes liable for damages sustained by private citizens, but to make the corporation liable the act must have been done by authority and direction of the governing body : 2 Dillon on Corp., sect. 770 ; Fox *v.* Northern Liberties, 3 W. & S. 103 ; Leonard *v,* New Bedford, 16 Gray (Mass.) 297 ; Wheeler *v.* Cincinnati, 19 Ohio 19 ; Grant *v.* Erie, 19 P. F. Smith 420 ; Torbush *v.* Norwich, 38 Conn. 225 ; Jewett *v.* New Haven, Id. 368 ; Richmond *v.* Long's Exr's, 17 Gratt. 375 ; Alcorn *v.* Philadelphia, 8 Wright 348 ; White *v.* Charleston, 2 Hill (S. C.) 571 ; Fisher *v.* Boston, 104 Mass. 87 ; Mitchell *v.* Rockland, 52 Me. 118.

Municipal corporations have, in some cases, been held liable for injuries resulting from the neglect of certain of their officers in certain matters specially relating to the local duties of the corporation, as, for example, the repair of streets, bridges, culverts, wharves and sewers, in regard to which such officers act as the agents and servants of the corporation; but boroughs and cities have never been held liable for unlawful acts of their police officers done *ultra vires* and without special instruction, be they ever so aggressive against individuals. Much less can such liability exist for a mere neglect of such officers in the faithful and efficient enforcement of the public law. In their capacity as police officers, they represent the general laws of the Commonwealth. They represent the state and the public at large more than the corporation by which, under the laws of the state, they may have been appointed.

Police officers appointed by a municipality are not its agents or servants so as to render it responsible for their unlawful or negligent acts in the discharge of their duties : 2 Dillon on Municipal Corporations, sect. 778, and cases there cited ; Elliott *v.* City of Philadelphia, 25 P. F. Smith 347 ; Buttrick *v.* Lowell, 1 Allen (Mass.) 172 ; Kimball *v.* Boston, Id. 417.

*G. R. Fox* and *L. M. Childs*, for defendant in error.—The removal of the nuisance from the street was a duty enjoined by statute, and the corporation is liable for an injury occasioned by its neglect to remove it : Pittsburgh *v.* Grier, 10 Harris 54 ; Erie *v.* Schwingle, Id. 384 ; Dean *v.* Township, 5 W. & S. 545 ; Norristown *v.* Moyer, 17 P. F. Smith 355 ; Wartman *v.* Philadelphia, 9 Casey 202 ; Chicago *v.* Robbins, 2 Black (U. S.) 418 ; Nebraska *v.* Campbell, Id. 590 ; Weightman *v.* Washington, 1 Black 39 ; Mc-

[Borough of Norristown *v.* Fitzpatrick.]

Laughlin *v.* Corry, 27 P. F. Smith 109 ; Cooley's Constitutional Limitations 248.

The crowd of men collected upon the public streets and engaged in firing the cannon was a nuisance. Whatever obstructs or interferes with the free and safe use of a public work is a nuisance : Norristown *v.* Moyer, 17 P. F. Smith 355 ; Lancaster Turnpike Co. *v.* Rogers, 2 Barr 114 ; Pittsburgh *v.* Grier, 10 Harris 54 ; Erie *v.* Schwingle, Id. 384 ; Dean *v.* Township, 5 W. & S. 545 ; Commonwealth *v.* Passmore, 1 S. & R. 219 ; Rung *v.* Shoneberger, 2 Watts 23 ; Mann *v.* Wieand, 4 W. N. C. 6.

The fact that the proximate cause of injury was the wrongful act of third parties does not relieve the corporation from liability, if its agent's negligence contributed thereto : Norristown *v.* Moyer, *supra ;* Pittsburgh *v.* Grier, *supra ;* Lowell *v.* Short, 4 Cush. 275 ; Crusick *v.* Norwich, 40 Conn. 375 ; Powell *v.* Williams, 29 Iowa 210 ; Chicago *v.* Robins, 2 Black (U. S.) 418.

The firing of the cannon was at short intervals, at different points, for several hours, and must have been known to the borough officials. This was unquestionably a nuisance, and it was the duty of the borough to remove it : Norristown *v.* Moyer, *supra.* The injury was the result of a nuisance which the borough permitted. A failure to hold the corporation liable would lead to an absolute immunity from liability. If there is no remedy against her, there is no remedy anywhere.

Mr. Justice Gordon delivered the opinion of the court May 3d 1880.

The injury to the plaintiff, complained of in this suit, was occasioned by the firing of a cannon, in a public street of Norristown, by an assemblage of citizens, on the evening of the 31st of December 1875. The business in which they were thus employed was undoubtedly of an unlawful character, and each and every person therein engaged was personally liable for any damage resulting therefrom. But that the municipality was so liable is another and a very different question. Municipalities are not conservators of the public peace ; they may or may not have the power to appoint police officers, but if they have such power, and do make such appointments, the powers of the officers so appointed are derived not from municipal ordinances, but from the common law and Acts of Assembly. Hence, it was held in Elliott *v.* The City, 25 P. F. Smith 347, that the city was not answerable for the negligent act of a police officer. A like doctrine, that police officers appointed by a city are not its agents or servants, and that it is not, therefore, responsible for their unlawful acts when in discharge of their duty, may be found in 2 Dill. Mun. Corp., sect. 773. The law upon this subject has been well stated by Chief Justice Bigelow, in the case of Buttrick *v.* The City of Lowell, 1 Allen 172.

[Borough of Norristown v. Fitzpatrick.]

" Police officers," says the learned chief justice, " can in no sense be regarded as servants or agents of the city. Their duties are of a public nature. Their appointment is devolved on cities and towns by the legislature as a convenient mode of exercising a function of government, but this does not render them liable for their unlawful or negligent acts. The detection and arrest of offenders, the preservation of the public peace, the enforcement of the laws, and other similar powers and duties with which police officers and constables are entrusted, are derived from the law, and not from the city or town under which they hold their appointment."

It is thus apparent from authority, that for the neglect of the police officer, who stood by and permitted the firing of the gun to go on, the borough of. Norristown cannot be made liable. But if it is not responsible for the consequences of his neglect, then it is altogether exempt from responsibility. For if the municipality can act at all in the suppression of riots and other breaches of the peace, it must be through its burgess, justices, constables and policemen, and if they neglect their duty and refuse to act, the municipality is powerless. Then upon what ground can the defendant be held liable for the damages suffered by the plaintiff? Certainly not upon any principle of common law, for we all know that for damages resulting from the conduct of a mob or unlawful assembly neither city nor county, borough nor township, can be held, except by special statute. Is it, then, on the ground that the assemblage complained of obstructed the public street, and so became a nuisance which the borough was bound to remove? But the difficulty of supporting the case on this theory is twofold: first, the jury has found that the street was not so obstructed that persons could not readily pass and repass, and that the injury resulted not from any such obstruction, but from the act of firing the gun. Second, admitting that a mob is a nuisance, and that of the worst kind, nevertheless, it is one that a municipal corporation cannot abate by the use of .ordinary appliances such as suffice for the removal of natural or material obstructions in or near a highway, resort must, therefore, be had to the police force, but, as we have already seen, for the doings or misdoings of those who compose this force the municipality is not liable.

The difference between those cases in which cities, boroughs and townships, have been held responsible for neglect, and the one in hand, is very wide. The maintenance and repair of highways, sewers, wharves, &c., belong to their immediate jurisdiction, and over them they alone have control, hence their responsibility. But the conservation of the peace is a great public duty, put by the Commonwealth into the hands of public officers: the judges, justices of the peace and mayors, the governors, sheriffs, constables and policemen; hence, cities and boroughs can no more be charged

[Borough of Norristown *v.* Fitzpatrick.]

with damages resulting from their misconduct than can counties, townships, or the state at large.

The judgment of the court below is now reversed and set aside, and it is ordered that judgment be entered on the special verdict for the defendant.