COLLINS *vs.* THE MAYOR, ETC. OF SAVANNAH.

Where the city of Savannah obtained an act to be passed to extend
its corporate limits, and thereupon passed an ordinance to project
and lay out certain streets and lanes, locating them by metes and
bounds, and directing the city surveyor to locate the true line on
which houses and fences should bo placed, and a person, acting
upon the faith of the ordinance and presuming that the streets and
lanes had been definitely laid. out, and that the city would take
such further action by condemnation of land or otherwise as would
render the laying out of such streets and lanes permanent, pur-
chased certain lots which would abut thereon and erected build-
ings under a building permit obtained from the city for a valuable
consideration, and was notified by the city surveyor not to encroach
on the streets, which caused her to leave a strip of land four feet
wide by sixty-two in length, he representing that the streets and
lanes were to be kept open by the city; these facts did not make
it the duty of the city to carry the ordinance into effect by con-
demning the property included in the streets and alleys and to
open them to the public, or to repeal the ordinance before such
person purchased. Nor would such person have a right of action
for damages against the city because it failed to make such con-
demnation, by reason whereof the owners of the land enclosed it
with a high fence extending across two of the projected streets
and rendering ingress and egress to and from her property more
difficult. A declaration based on such facts was demurrable.
(*a.*) Whether a city will open a street or not is discretionary with
it; and the exercise of its discretion either way gives no right to
any one who may have miscalculated the final action of the city
and expended money accordingly.

November 9, 1886.

Municipal Corporations. Actions. Damages. Streets
and Sidewalks. Before Judge ADAMS. Chatham Superior
Court. March Term, 1886.

Reported in the decision.

CHARLTON & MACKALL, for plaintiff in error.

H. C. CUNNINGHAM, for defendants.

BLANDFORD, Justice.

The plaintiff brought her action against the city of Sa-

vannah for damages, wherein she alleged that defendant caused an act to be passed by the legislature in 1883 to extend the corporate limits of the city of Savannah; that by virtue of said act, the defendant passed an ordinance to project and lay out in the limits of the city of Savannah, south of Anderson street, ce rtain streets and lanes, by which ordinance the str eets and lanes were definitely laid out and located by metes  and bounds, but the ordinance directed that it should be the duty of the city surveyor to indicate the two  lines on which houses and fences should be placed; th at the city surveyor entered on his duties under the ordinance ; that plaintiff, acting upon the faith of the ordinance, and presuming that the streets and lanes had been definitely laid out, and that defendant would take such further action, by condemnation of land or otherwise, as would render the laying out of such streets and lanes permanent, afterwards purchased a certain tract of land situate in said extended limits indicated on the map as lot 32, Cumming ward, bounded north by a lane, on the south by Second street, on the east by Lincoln street, west by lot number 33, with the object to build thereon a store and several small tenement houses; that plaintiff, still acting on the faith of said ordinance, in 1885, obtained a permit from said city, for which she paid a valuable consideration, to build on said lot, and authorized her husband to make suitable arrangements therefor; that when she was preparing to build, she was notified by the city surveyor not to encroach on the streets, which caused her to leave a strip of her land four feet by sixty-two feet along Lincoln street; that the city surveyor represented that the streets and lanes were to be kept open by the city; that, still relying on said ordinances and representations of the city surveyor, she built, on the corner of Lincoln and Second streets, a store-house, one house on corner of Lincoln street and lane, and two houses on Second street; that she expended in the purchase of the lot and building of the houses 5,200 dollars, expecting to

realize from the rentals thereof a reasonable interest on the amount invested; that after the houses were completed, she occupied her house on Second street farthest from the corner; that she offered her store and other houses for rent, and had no difficulty in securing good tenants, her aggregate monthly rental being sixty-seven dollars; and that defendant, by the passage of said ordinances and the acts and representations of their agents, induced her to purchase the land and build the houses. She avers that it was the duty of defendant to carry the ordinance into effect, or to have repealed the same before she purchased; that defendant wholly failed to do so; that, by reason of said failure, D. G. Purse and others to the north of plaintiff enclosed their premises with a high and impassable fence extending across Lincoln and Abercorn streets in the rear of her premises, so that egress and ingress to and from Savannah by Lincoln and Abercorn streets was entirely cut off and she was obliged to go round by way of Drayton or Habersham streets ; and that she protested against the erection of the fences aforesaid, and caused proceedings to be instituted against said parties, which were dismissed because the city had not condemned and paid for the land. Wherefore she says that she has been damaged by defendant. This declaration was demurred to as not being sufficient in law to authorize recovery by plaintiff. The court sustained the demurrer, and this forms the ground of plaintiff's complaint.

The counsel for plaintiff in error admitted on the argument before us that the city of Savannah was not bound to condemn the property and open the streets to the public, although it had proceeded so far as to have a survey made of the same. This was yielding the case to defendant, in our judgment. But he insists that she was damaged because she put faith in the ordinances of the city ; that she believed the streets would be opened, and so believing, she purchased the lot and erected the buildings. We are unable to understand why she should be entitled to dam-

ages because she failed correctly to divine what the city would do as to opening the streets. She speculated on the chances as to the opening the streets, and if her expectations were not realized, she has but suffered the fate of other miscalculating speculators. If she had not been so keen, if she had waited until the streets had been opened or until she found that they would not be open, then, doubtless, she would not have made the venture. The city of Savannah is not liable to any person for damages if, after having had a survey made, it concludes that the interest of the city will not warrant the condemnation of property and paying therefor for the purpose of opening of streets. Whether the city will open a street or not is discretionary with it, and the exercise of its discretion, the one way or the other, gives no right of action to any one who may have miscalculated the final action of the city. 2 Dillon Mun. Corp. §§949, 950, 951, 966, and authorities cited therein.

Judgment affirmed.