## TARBUTTON v. TOWN OF TENNILLE.

There is no obligation upon the authorities of a municipal corporation
    towards any one of its citizens to exercise the legislative discretion
    with which they are invested to enact ordinances prohibiting any
    specific act concerning the streets and sidewalks of the town. Such
    matters are left to their discretion; and a right of action against a
    city does not accrue to one who was injured by a person riding a
    bicycle on the sidewalk because the authorities had failed to prohibit
    such riding.

                   Argued February 2,—Decided March 1, 1900.

    Action for damages. Before Judge Smith. Washington
superior court. March term, 1899.

    *Evans & Evans,* for plaintiff.
    *Rawlings & Hardwick,* for defendant.

    LITTLE, J. The plaintiff instituted an action against the
Town of Tennille, in the county court, and alleged in her petition
that by the charter of said town it was made the duty of the mu-
nicipal authorities to keep the streets in good order and prevent
injury or annoyance to the public or individuals from anything
dangerous, offensive, or unwholesome; that one of the streets in
said town called Main street was much traveled and used by the
citizens and others, and it was a matter of public concern that
said street should be kept in order and safe for travel; that in
the year 1897 one Howard, with the full knowledge and con-
sent of the town, did recklessly and tortiously ride a bicycle on
said street, a walk intended only for pedestrians; that the plain-
tiff in error was quietly walking along the sidewalk about dark,
when, without fault or negligence on her part, she was run over
by Howard while riding his bicycle, and was greatly injured,
etc.; that Howard is insolvent and she can recover no damages

from him. The case was appealed to the superior court, and came up for hearing on a demurrer which set out a number of grounds. The demurrer was sustained, because the petition set forth no cause of action; and to the judgment sustaining the demurrer the plaintiff excepted. It may be well enough to bear in mind at the outset, that if the defendant in error is liable at all, it can only be so because of the failure to prevent Howard from riding his bicycle on the sidewalk. The record does not disclose whether there is any ordinance in the Town of Tennille prohibiting the use of bicycles on a sidewalk or not. If there is, the liability claimed must rest upon the failure to enforce it; and if there is not, then the position of counsel would lead to the conclusion that it is liable for a failure to enact it. If we assume, for the sake of the argument, that riding a bicycle on the sidewalk of one of the streets of a town is unlawful, it would not necessarily follow that such unlawful use of the walk would render the town liable. It is alleged in the petition that Howard rode his bicycle on the sidewalk at the time the injury occurred, with the full knowledge and consent of the town. This being the only allegation made as to the knowledge of the municipal authorities, the plain implication is that they had not seen fit to enact any ordinance against such use of the sidewalk; and we shall treat the case as involving the liability of the town for a failure to pass an ordinance prohibiting riding of bicycles on its sidewalks, the position of the plaintiff being that they were invested with the power to enact such ordinances and failed to do so. The enactment of ordinances for an incorporated town is a legislative act, and the failure to exercise the legislative power is a very different matter from a failure to perform a duty required by the law or the charter of the town, such as, for instance, keeping its streets in good order and repair, so that pedestrians and others using the street may do so with reasonable safety. A failure to perform the latter duty gives a right of action to one who is injured under certain circumstances; but we know of no law which would hold the municipal authorities liable in damages for a failure to exercise a legislative discretion in the enactment of ordinances. In the second volume of his work on Municipal Corporations, §949, Judge Dillon

says that "A municipal corporation is not liable to an action for damages, either for the non-exercise of, or for the manner in which in good faith it exercises, *discretionary powers of a public or legislative character,* . . and the reason is that such powers are conferred to be exercised or not as the public interest is deemed to require, and there is no implied liability for deciding either that the public interest does not require action, or that it requires action in a particular way"; citing 1 Denio, 595; 27 Barb. 218; 3 Duer, 406.

Mr. Tiedeman in his work on Municipal Corporations, § 327, declares that "It is a well-settled rule, that for the non-performance of a discretionary duty, particularly if the duty be of a public nature, no private action for damages can be maintained against the corporation, for the reason that discretionary powers are intended to be exercised only when the interests of the public demand their exercise; and the question whether the public interests do or do not demand it is one for the municipality to determine;" citing authorities from the courts of last resort of a large number of the different States. In discussing the case of Davis *v.* Montgomery, 51 Ala. 139, the Supreme Court of Alabama said that the city corporation is bound to do what it had assumed to do upon a sufficient consideration, to wit, to keep its streets in order for safe travel and passage of the people and their property; that for injuries incurred by a failure to perform the duties so undertaken it would be liable to respond in damages; but the proposition that the city is liable for damages occasioned by nuisances erected in said city, if the corporate authorities fail to abate them before the injury accrues, is not law, either as declared in the charter, or deduced from principle; and that for a failure to exert its judicial power the city is not liable, unless, possibly, it acts not only negligently, but corruptly. In the case of *Rivers* v. *Augusta,* 65 *Ga.* 376, where it appeared that a minor child while walking on the sidewalk of one of the streets in the City of Augusta was set upon and seriously injured by a cow which was running at large, and it appeared that the city council had passed an ordinance forbidding the running at large of cattle in its streets, but had subsequently suspended its operation indefinitely, this court held, that a failure to perform acts

which are legislative or judicial in their nature, although conferred by a charter, did not render the city liable; that neither for a failure to perform such acts, nor for errors of judgment committed in their performance, could it be held responsible; and that it was within the discretion of the authorities to determine from time to time what ordinances were proper. To the same effect also see *Collins* v. *Savannah, 77 Ga.* 745. It was entirely discretionary with the municipal authorities of Tennille to exercise the legislative powers conferred on it by law and enact an ordinance, which is a law of limited application to territory, preventing the use of sidewalks by a person riding a bicycle; and, if they deemed such an ordinance not to be for the best interests of the inhabitants of the town, it was entirely competent for them, in the exercise of the discretion with which they are invested, not to pass such an ordinance; and whether they did and some person violated it, or did not, the town is not responsible to the person injured. The petitioner in this case might, if Howard was negligent or violated any general law applicable to the use of sidewalks, have an action against him, but there is no authority within our knowledge which empowers her to recover from the town. The demurrer was properly sustained. *Judgment affirmed. All the Justices concurring.*