# Ellison *v.* Standard Refrigerator Company, Inc., Appellant.

*Negligence — Careless operation of automobile — Running past traffic signal—Case for jury.*

In an action to recover damages for personal injuries, sustained in being struck by defendant's automobile, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established that the defendant's chauffeur while proceeding on a crowded thoroughfare disregarded a traffic signal, which was against him, and ran into a mounted traffic officer, throwing him to the ground and causing the injuries for which damages were claimed.

Argued October 13, 1921. Appeal, No. 118, Oct. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1919, No. 3138, on verdict for the plaintiff in the case of James H. Ellison v. Standard Refrigerator Company, Inc. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ROGERS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $500 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*William G. Wright,* and with him *Robert P. F. Maxwell,* for appellant.

*Joseph Singer,* for appellee.

OPINION BY ORLADY, P. J., November 21, 1921:

The plaintiff, a mounted traffic officer of the city, recovered a verdict for five hundred dollars against the defendant whose servant, while driving a truck ran into him when he was in service at Thirteenth and Chestnut streets at 1:30 p. m. on May 20, 1919. The place is in the business centre of the city, Chestnut Street being a one-way street for vehicular traffic eastward, and Thirteenth Street a one-way street for vehicular traffic northward. The crowds of people so congested the street at this section that the municipal authorities deemed it necessary to have stationed there a street officer, who operated a semaphore, assisted by a mounted officer (the plaintiff) to control the traffic. The two officers testified that at the time of the accident the plaintiff rode south on Thirteenth Street and stationed his horse on the east side of that street below Chestnut Street when the street officer turned the semaphore so as to close the traffic on Thirteenth Street and open Chestnut Street for use. At this moment the driver of the truck was on the car track on Thirteenth Street a short distance south of Chestnut Street. Up to this point there is no dispute as to the facts. The jury adopted the testimony of the plaintiff and his supporting witness the street officer, which clearly established the fact that the driver of the

truck disregarded the semaphore signal and recklessly drove his truck forward on Thirteenth Street, so that the front of the truck struck the plaintiff's horse with such violence that he and the rider were knocked down and serious resultant injuries followed and the truck then passed over the entire width of Chestnut Street before stopping. The circumstances required exceptional care; the driver of the truck had full control over it; traffic and pedestrian traffic were moving eastwardly on Chestnut Street in his unobstructed view. He had no right to move until the proper signal was given. The verdict establishes the fact that he ignored this recognized signal and disregarded his manifest duty by going forward over a crowded thoroughfare. The argument of the appellant that the accident could not have happened as described is answered by the verdict. The jury saw and heard all the witnesses and have decided that it did happen as the plaintiff contends. With his view, under the facts, we have no concern. The contradiction of witnesses as to the exact location of the officer was not material as all the disputed facts were fully and clearly submitted to the jury and there is no controversy as to the law applicable to the established facts.

Judgment is affirmed.