## Doughty, Appellant, *v.* Philadelphia Rapid Transit Company et al.

Argued January 16, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*John C. Noonan,* for appellant.

*Israel K. Levy* and *John J. K. Caskie,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for City of Philadelphia, appellee, were not heard.

OPINION BY MR. JUSTICE LINN, March 23, 1936:

Plaintiff appeals from judgment in favor of one of two defendants entered on affidavit of defense raising questions of law to a statement of claim in trespass. She sued the Philadelphia Rapid Transit Company and the City of Philadelphia, appellee, alleging joint and several liability for the death of her husband who died of injuries received while riding in an automobile which struck or was struck by a street car. She averred that, in violation of a city ordinance making Chestnut Street a one-way street for eastward travel, defendant transit

company's street car, on the date of the accident, was operated westbound on Chestnut Street in the vicinity of 32d Street; that such westbound operation had been tolerated a long time and constituted negligence on the part of the city, contributing to the collision. It is not contended that the surface of the street was out of repair or was in any respect defective. The charge is that permitting westbound street car operation over the section of the street in question constituted negligence on the part of the city, i. e., negligence in the performance of a governmental duty. Assuming without deciding the sufficiency of the averment, plaintiff is confronted with the well settled rule that for such negligence, if it existed, the city is not liable. The subject has been so frequently considered in decisions of this court that mere reference to them must be sufficient. It may be said, in view of parts of appellant's argument, that while the city is responsible for proper care of its highways, there is a distinction between maintenance and the regulation of the use of streets. Regulation of this nature is a governmental function and cases dealing with physical defects are not applicable.

The Act of May 1, 1929, P. L. 905, section 1103 (75 PS, section 663), as amended by the Act of 1931, P. L. 751, provides, inter alia, that ". . . local authorities shall have power to provide by ordinance for the regulation of traffic by means of peace officers or traffic signals on any portion of the highway where traffic is heavy or continuous, and may . . . prohibit other than one-way traffic upon certain highways. . . ." Accordingly, the city enacted an Ordinance of March 13, 1934, (page 30), Schedule E, of which provides that Chestnut Street from 63d Street to Delaware Avenue should be an eastbound street; the Director of Public Safety was authorized "to enforce compliance with traffic regulations as provided in [the] ordinance" and the Bureau of Police to enforce its provisions. It will be noted that the ordinance was passed under a discretionary and not a mandatory

power. A municipality is not liable for failure to enforce an ordinance enacted pursuant to permissive authority. "Where any person has a right to demand the exercise of a public function, and there is an officer or set of officers authorized to exercise that function, there the right and the authority give rise to the duty; but when the right depends upon the grant of authority, and that authority is essentially discretionary, no legal duty is imposed": *Carr v. Northern Liberties,* 35 Pa. 324, 330. See also *McDade v. City of Chester,* 117 Pa. 414, 12 A. 421; *Norristown v. Fitzpatrick,* 94 Pa. 121;* *McQuillin, Municipal Corporations,* volume 6, page 786, section 2802; *Howard v. Phila.,* 250 Pa. 184, 95 A. 388; *Scibilia v. Phila.,* 279 Pa. 549, 124 A. 273; *Szilagyi v. Bethlehem,* 312 Pa. 260, 167 A. 782.

Judgment affirmed.

---

* In the following cases the municipality was held not liable for failure to enforce an ordinance: *Faulkner v. Aurora,* 85 Ind. 130 (ordinance forbidding the unlawful use of streets, as by coasting); *Collins v. The Mayor, etc., of Savannah,* 77 Ga. 745 (ordinance laying out and opening city streets); *Tarbutton v. Tennille,* 110 Ga. 90 (ordinance prohibiting riding of bicycles on sidewalks).