## Commonwealth v. Lundberg et al.

*Raymond E. Brown* and *Matthew A. Crawford,* for plaintiff.

*Conrad & Shannon,* for defendants.

LONG, P. J., December 30, 1943.—Plaintiff filed a præcipe and statement of claim in trespass against defendants, wherein are alleged, inter alia, all the facts hereinafter stated. Counsel for the respective parties have filed a written stipulation dispensing with trial

by jury and have agreed to submit the decision of the same to the court, as provided by the Act of April 22, 1874, P. L. 109, and supplements thereto, 12 PS §689. . . .

## Discussion

The parties agreed that trial by jury be dispensed with and that the case be tried before the court under the provisions of the Act of April 22, 1874, P. L. 109, and supplements, 12 PS §689. They filed a written stipulation of facts, which we thought should have been amplified. We would have liked to know all the circumstances concerning the speed of the respective automobiles. As the case is presented, we can assume the existence of no fact that is not directly averred in the pleadings and facts not brought upon the record must be presumed not to exist.

Plaintiff's automobile was being operated on the public highway by Herman R. Ziegler, a member of the Pennsylvania Motor Police. Section 1211 of the statute, as amended by the Act of June 27, 1939, P. L. 1135, sec. 31, 75 PS §741, provides:

"Such employes of the Commonwealth as are designated as Pennsylvania Motor Policemen are hereby declared to be peace officers, and are hereby given police power and authority throughout the Commonwealth to arrest on view, on Sunday or any other day, when in uniform, without writ, rule, order, or process, any person violating any of the provisions of this act, in addition to any other power or authority conferred by law."

The Act of June 27, 1939, P. L. 1135, sec. 23, 75 PS §501, "Restrictions as to Speed", provides:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or con-

ditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.

"(b) Subject to the provisions of subsection (a) of this section, speeds in excess of the maximum limits hereinafter provided shall be unlawful: . . .

"6. (c) Commercial motor vehicles . . . thirty-five miles per hour."

At the time and place in question Officer Ziegler was engaged in his official capacity as a peace officer, enforcing the speed laws, a governmental function, and for such purpose was following defendants' truck in compliance with the Act of June 27, 1939, P. L. 1135, sec. 23, 75 PS §501 (d) 1, which reads as follows:

"Under all other conditions, the rate of speed shall be timed, for a distance of not less than one quarter (¼) mile, by a peace officer using a motor vehicle equipped with a speedometer tested for accuracy within a period of thirty (30) days prior to the alleged violation."

While thus following defendants' truck, which was traveling at an unlawful rate of speed, the truck was brought to a stop without giving the officer a warning signal of the operator's intention to stop, either by extending his hand or in any other manner prescribed by law.

Defendants have agreed that such stopping without warning constituted negligence on the part of the operator of their truck and that as a direct result thereof plaintiff's automobile, then being operated by Officer Ziegler, collided with the truck and was damaged to the extent of $225. The parties have agreed that had Officer Ziegler, under all the facts, been a private citizen, traveling on the highway for a usual

and ordinary purpose, he would have been guilty of contributory negligence.

The Vehicle Code of May 1, 1929, P. L. 905, sec. 1010, as amended by the Act of June 22, 1931, P. L. 751, 75 PS §545, provides:

"(a) The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway."

The Act of June 27, 1939, P. L. 1135, sec. 23, 75 PS §501(f), provides:

"The speed limitations set forth in this section shall not apply to vehicles, when operated with due regard for safety, under the directions of the police in the chase or apprehension of violators of the law, or of persons charged with or suspected of any such violation. . . . The exemption shall not, however, protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others."

Having followed what we believe to be the relevant provisions of the statutes pertaining to the facts involved, we come to paragraph 13 of the written stipulation, which provides:

"That if the rule of law requiring an operator of a motor vehicle upon the highway so to operate the same as to be able to bring his vehicle to a stop within the assured clear distance ahead, and the provisions of section 1010(a) of The Vehicle Code of 1929, 75 PS §545, apply to an officer of the Pennsylvania Motor Police following another vehicle for the purpose of timing its rate of speed by comparison with the speed of his car, in accordance with the provisions of the Act of June 27, 1939, P. L. 1135, sec. 23(d)1, then the judgment should be for the defendants, otherwise the judgment should be for the plaintiff."

The sole question for our determination is who is entitled to judgment by virtue of the facts agreed upon.

The Commonwealth of Pennsylvania was the owner of the automobile, which was then and there being operated by Herman R. Ziegler, a peace officer of the Commonwealth of Pennsylvania, in the performance of his duties as such. He was following defendants' truck, the operator of which was then violating the speed laws, for the purpose of timing its rate of speed by comparison with the speed of the officer's car, then being operated by the officer in pursuance of the provisions of section 23 (d) 1 of the Act of 1939, 75 PS §501.

The act of assembly regulating speed specifically exempts from the speed limitations and regulations, when operated with due regard for safety, vehicles under the direction of the police in the chase or apprehension of violators of the law, or persons charged with or suspected of any such violation. Officer Ziegler was acting in the performance of an important public function of government.

Plaintiff in this case is the sovereign attempting to collect from the defendants, two of its citizens, for damages sustained to its property by reason of the negligence of the defendants while plaintiff's automobile was being operated in enforcing the speed laws. The common-law rule is that torts cannot arise from the performance of governmental functions or services: Healy et al. v. Philadelphia, 321 Pa. 488.

We shall digress for a moment and refer to discussions in the early cases where citizens sued municipalities, alleging damages by reason of the failure of the police to perform their duties. There is a long line of such cases. In Norristown v. Fitzpatrick, 94 Pa. 121, where the right of citizens to hold the municipality liable in damages by reason of the failure of the police to perform their duties was before the court, it was said (p. 124):

"Municipalities are not conservators of the public peace; they may or may not have the power to appoint

police officers, but if they have such power, and do make such appointments, the powers of the officers so appointed are derived not from municipal ordinances, but from the common law and Acts of Assembly. Hence, it was held in Elliott v. The City, 25 P. F. Smith [75 Pa.] 347, that the city was not answerable for the negligent act of a police officer. A like doctrine, that police officers appointed by a city are not its agents or servants, and that it is not, therefore, responsible for their unlawful acts when in discharge of their duty, may be found in 2 Dill. Mun. Corp., sect. 773. The law upon this subject has been well stated by Chief Justice Bigelow, in the case of Buttrick v. The City of Lowell, 1 Allen 172. 'Police officers,' says the learned Chief Justice, 'can in no sense be regarded as servants or agents of the city. . . . Their appointment is devolved on cities and towns by the legislature as a convenient mode of exercising a function of government, but this does not render them liable for their unlawful or negligent acts. The detection and arrest of offenders, the preservation of the public peace, the enforcement of the laws, and other similar powers and duties with which police officers and constables are entrusted, are derived from the law, and not from the city or town under which they hold their appointment.'

"It is thus apparent from authority, that for the neglect of the police officer, who stood by and permitted the firing of the gun to go on, the borough of Norristown cannot be made liable. But if it is not responsible for the consequences of his neglect, then it is altogether exempt from responsibility."

In the instant case the Commonwealth's property was damaged while its officer was enforcing the peace, and in Miller v. Hastings Borough, 25 Pa. Superior Ct. 569, 574, quoting Elliott v. The City of Philadelphia, 75 Pa. 347, it was said, inter alia:

"But the conservation of the peace is a great public duty, put by the Commonwealth into the hands of public officers: the judges, justices of the peace and mayors, the governors, sheriffs, constables and policemen; hence, cities and boroughs can no more be charged with the damages resulting from their misconduct, than can counties, townships or the state at large."

The implied common-law liability or nonliability of a municipality for the torts of its servants depends upon the character of service they were performing at the time of the injury. If they were acting for the city in its corporate or business capacity, the municipality may be held liable; but if they were performing duties of a public or governmental character there is an immunity from municipal liability: Scibilia v. Philadelphia, 279 Pa. 549; Doughty v. Philadelphia Rapid Transit Co. et al., 321 Pa. 136; Stevens et ux. v. Pittsburgh, 129 Pa. Superior Ct. 5.

The learned counsel for defendants contend that the legislature made a statutory exception to this rule. The only legislation called to our attention concerning the subject inquired about is section 619 of The Vehicle Code of May 1, 1929, P. L. 905, which provides:

"Every county, city, borough, incorporated town, or township within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment."

It will be observed that the legislature failed to include the Commonwealth of Pennsylvania in the provisions thereof. Consequently, the common law continues to apply to it. It is not liable for the negligent acts of its peace officers while in the performance of a governmental function. The rule that a State is not liable for the negligence or misfeasance of its officers

or agents, except where the legislature voluntarily assumes liability, is well recognized. The immunity of the State does not extend to its officers, and as a general rule State officers and agents are personally liable in tort for unauthorized acts committed by them in the performance of official duties. See Meads et ux. v. Rutter, 122 Pa. Superior Ct. 64, and Butler v. City of Grand Rapids, 273 Mich. 674, 263 N. W. 767.

Was Officer Ziegler, the operator of plaintiff's automobile, guilty of contributory negligence? If so, would such contributory negligence bar plaintiff's recovery? Contributory negligence is defined in A. L. I. Restatement of Torts §463 as ". . . conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, coöperating with the negligence of the defendant in bringing about the plaintiff's harm."

"A master is barred from recovery against a negligent defendant by the contributory negligence of his servant acting within the scope of his employment": A. L. I. Restatement of Torts §486.

Defendants have admitted that their negligence was the proximate cause of the collision and damages sustained to plaintiff's automobile.

Section 23 (a) of the Act of 1939, 75 PS §501, provides: "Any person driving a vehicle on the highway shall drive the same at a careful and prudent speed . . ." Section 23 (f), 75 PS §501, provides that "The speed limitations set forth in this section shall not apply to vehicles, when operated with due regard for safety, under the directions of the police in the chase or apprehension of violators of the law, or of persons charged with or suspected of any such violation . . ." This exemption, however does not protect the driver from the consequences of a reckless disregard of the safety of others. The courts have recognized that

what constitutes reckless want of care varies with the circumstances of a particular case.

In the instant case the officer was pursuing a speeding motorist in the open country. The evidence shows that his vehicle was operated, under the circumstances, with due regard for safety. Counsel have not alleged that plaintiff's car was operated in reckless disregard of the safety of others. Consequently, Cavey, to use, v. Bethlehem, 331 Pa. 556, cited by the learned counsel for defendants, is not applicable. See Schu et ux. v. Pittsburgh, 143 Pa. Superior Ct. 101. The test in all such circumstances is whether the vehicle was being operated with due regard for safety. See Long v. Schumacher, 342 Pa. 356, and Pennsylvania R. R. Co. v. Lewis et ux., 79 Pa. 33, 43.

Negligence is never presumed. Ziegler was a traffic officer. The act of assembly required that he accurately observe not only the speed of his car, but the speed of defendants' truck while determining whether defendant was or was not exceeding the speed limits. There is nothing on the face of plaintiff's case which shows that Ziegler's conduct while in the performance of his duties fell below the standard to which he was required to conform. While in the performance of his duties he was not a driver with no other care than his own safety and the safety of his car, but had the additional burden of testing the speed of two automobiles at the same time. Under such circumstances the courts have held that a traffic officer is not required to use the same degree of care as the ordinary operator of a motor vehicle or pedestrian. See Beyrent, Exec., v. Kaplan, 315 Pa. 353, 92 A. L. R. 1515, Copertino v. Chrobak, 346 Pa. 49, Fitzsimons v. Isman, 219 N. Y. 610, 114 N. E. 1067, and Ellison v. Standard Refrigerator Co., Inc., 77 Pa. Superior Ct. 477.

From all the facts, there was an unforeseen combination of circumstances brought about by defendants' driver having stopped his truck without warning,

which called for immediate action on the part of the operator of plaintiff's car. Failure to anticipate such negligence on the part of defendant would not amount to contributory negligence on the part of Ziegler: Knoble et ux. v. Ritter, 145 Pa. Superior Ct. 149; Weibel v. Ferguson, 342 Pa. 113. The test of contributory negligence is whether the act constituting the negligence contributed in any degree to the production of the injury. It is only in those cases where contributory negligence is so clearly revealed that fair and reasonable individuals could not disagree as to its existence that it may be declared judicially. See Naugle v. Reading Co., 145 Pa. Superior Ct. 341.

Contributory negligence is an affirmative defense, the burden of proof of which is on defendant. Hence, upon this point, a plaintiff, in order to recover, need not prove he was not guilty thereof, but only present a case which does not conclusively disclose its existence: Straus v. Rahn et al., 319 Pa. 93; Giannone v. Reale, 333 Pa. 21; Grimes et al. v. Yellow Cab Co. et al., 344 Pa. 298. Consequently, from all the facts we cannot declare that Ziegler was guilty of contributory negligence. Furthermore, Ziegler was operating an automobile owned by the Commonwealth of Pennsylvania, the plaintiff, while in the performance of a purely governmental function. As such operator he may not be considered a servant of the Commonwealth. Therefore, the principle of respondeat superior does not apply. In Meads et ux. v. Rutter, supra, at page 69, the Superior Court said that the doctrine of respondeat superior does not prevail against this Commonwealth. Moreover, under the circumstances, if Ziegler had been negligent, such negligence on his part could not be imputed to plaintiff so as to bar its recovery. See Meads et ux. v. Rutter, supra, Reilly et al. v. Philadelphia et al., 328 Pa. 563, and Patterson v. Erie R. R. Co., 78 N. J. L. 592, 75 Atl. 922, 30 L. R. A. (n. s.) 209.

. . .

*Order*

And now, December 30, 1943, it is hereby ordered that the prothonotary, after 30 days' notice of the filing of this decision given to the respective parties and their attorneys, shall enter judgment in favor of plaintiff and against defendants in the sum of $225, based on our findings of fact, discussion, and conclusions of law, unless exceptions are filed thereto within 30 days after service of such notice.