## Deivert et ux. v. Yordy et al.

*Hiram J. Bloom*, for plaintiffs.
*Richard Henry Klein*, for defendant.
*Alvin W. Carpenter*, for additional defendant.

FORTNEY, P. J., March 28, 1949.—Plaintiffs brought an action in trespass against defendant, E. A. Yordy, seeking to recover for damages to their automobile. In addition, individual plaintiff, Earl E. Deivert, claims for personal injuries to himself. Defendant, denying liability and asserting any damage or injury alleged to have been suffered by plaintiffs was the result of either the sole negligence of the City of Sunbury or plaintiff Earl E. Deivert, or the joint and several negligence of

both, brought upon the record, as an additional defendant, the City of Sunbury.

Additional defendant filed preliminary objections in the form of a demurrer, which are now before us for determination.

The complaint averred that original defendant negligently operated his motor vehicle at a street intersection where traffic was controlled by an automatic traffic light and stop sign.

Original defendant, denying negligence in the operation of his motor vehicle on this occasion, avers the traffic signal displayed a green light for traffic proceeding in the direction in which his motor vehicle was being driven; that the traffic light was not in operation in the direction plaintiff was driving his motor vehicle; and, in addition, the City of Sunbury had actual notice of the defective and improper operation of this traffic signal.

The basic contention of additional defendant's preliminary objections is that the regulation of traffic, by reason of a traffic signal, is a governmental function, and hence, the city is immune from liability for the failure of the traffic signal to properly function.

The liability or nonliability of a municipality for its torts depends upon the capacity in which the city was acting at the time. In Scibilia v. Philadelphia, 279 Pa. 549, 552, it is said:

"In seeking to determine the existence of this liability under any particular circumstances, we must consider the distinction between the governmental and private acts of the corporation involved and decide as to the capacity it occupied at the time of the negligence alleged. The decisions draw a distinction between the acts of municipalities done in their corporate character or business capacity, and those which they perform as functions of government, delegated by the state to its agencies as public instrumentalities. Regarding the

first, the municipality may be held liable for the acts of its representatives or employes, while as to the latter, there is generally an immunity from liability."

In the instant case, the negligence complained of by defendant is the failure of the city to use ordinary care in the maintenance and operation of its automatic traffic light. The signal device took the place of a traffic policeman in regulating and directing traffic. It was said in Hare v. Denny, 64 D. & C. 1, 8:

"A city is not responsible for the torts or negligence of a policeman while acting in his official capacity."

See, also, Devers v. Scranton City, 308 Pa. 13. Nor is liability incurred by a city in the exercise of its police powers in measures adopted for the comfort and convenience of the public. This, on the theory that it was engaged in a public or governmental function.

Defendant contends this case falls within the highway class of cases and is an exception to the general rule that a municipality is not liable for negligence in the performance of a governmental duty. It is well settled that while the city is responsible for proper care of its highways, there is a distinction between maintenance and the regulation of the use of streets. Regulation of this nature is a governmental function and cases dealing with physical defects are not applicable. Regulation of the use of streets, which includes traffic, is a governmental function and a municipality is not liable for negligence in the performance of a governmental duty: Doughty v. Philadelphia Rapid Transit Co., 321 Pa. 136. Hence, the following

## Order

And now, to wit, March 28, 1949, it is ordered, adjudged and decreed that the preliminary objections of additional defendant, in the form of a demurrer, filed to defendant's complaint, be, and the same hereby are sustained.