## Thomas v. Osborn

*Richard Reifsnyder*, for plaintiff.

*Norman J. Pine*, for defendants.

GAWTHROP, P. J., December 10, 1965.—Plaintiff sued defendants, both police officers of the Borough of Parkesburg, in trespass to recover for damage to his building and equipment and loss of profits from the necessity of closing his business, all alleged to have been caused by defendants' failure to carry out their duties as police officers in the protection of plaintiff

432

and his property in failing to prevent a riot alleged to have occurred on his property, and failing to quell the riot after it had started on or about April 26, 1965, as well as for damages already caused to his business and property by persons unknown some 10 days later. Defendants filed a preliminary objection in the nature of a rule for more specific complaint and a demurrer. At argument, the rule for more specific complaint was withdrawn, and defendants stand on their demurrer alone. After argument, the matter is before us for decision. The demurrer must be sustained.

While the demurrer fails to state specifically the grounds relied upon in conformity with the requirements of Rule 1028(a), Pennsylvania Rules of Civil Procedure, and the decisions of our court requiring that to be done (Davis v. D'Ambrosio, 13 Chester 401; Gentile v. Stewart (No. 1), 13 Chester 92; Cooper v. Foremost Ins. Co., 13 Chester 96), that question has not been raised by plaintiff. On the contrary, he has argued and submitted the case on the demurrer, and we shall, therefore, pass upon it. However, our action in so doing is not to be considered as a precedent.

Plaintiff's allegations, in summary, are that he was the operator of a gasoline and oil distribution business at a service station in the Borough of Parkesburg; that both defendants, as police officers of the borough, were charged with the protection of the persons and property of residents of the borough; that beginning in early 1965, various persons trespassed on plaintiff's place of business, disturbed the peace there, and interfered with his lawful business; that on such occasions he notified defendants of the disturbances and trespasses, but that they refused to take proper corrective legal action as law enforcement officers and that their inaction in that respect was "both negligent and wilful"; that about April 26, 1965, a riot occurred on plaintiff's premises, but defendants "negligently and

wilfully failed to prevent the same or to quell the same once it had started", as a result of which his building and equipment were damaged; that about 10 days later he attempted to reopen his place of business, and that after closing it for the day about 10 p.m., his equipment and property were again damaged "by persons unknown"; that he reported the matter to defendants, who "negligently and wilfully failed properly to protect Plaintiff and his property"; and that as a result of "Defendants' negligence and wilful failure to carry out their duties as police officers in the protection of Plaintiff and his property", he has been forced to discontinue his business at that location.

In passing, we note that plaintiff's averments that defendants' inaction was "wilful", i. e., intentional and "negligent", i.e., careless, are inconsistent. However, in the view we take of the matter, the inconsistency is of no basic importance, because in neither case does the complaint set forth a cause of action. Under Pennsylvania law, defendants are clearly public officers: Commonwealth v. Hubbs (No. 2), 137 Pa. Superior Ct. 244, 247; Borough of Norristown v. Fitzpatrick, 94 Pa. 121. As public officers, when acting within the scope of their authority, they are not answerable in damages for the consequences of their acts, unless malice and injury were their compelling motives. The law presumes nothing of that kind against them, and it is incumbent upon a plaintiff seeking to charge them with liability both to plead and to prove that such were the impelling motives for their conduct: Burton v. Fulton, 49 Pa. 151.

As police officers, defendants have reasonable discretion in determining whether or not they should take action in any of the varying circumstances which may give rise to a breach of the peace. Cf. Hubbs (No. 2), supra. Being public officers, they are not personally liable "for acts done honestly in the exer-

cise of the discretion which the law gives them, even though that discretion be exercised so mistakenly as to work an injury to private property or to private individuals. . . .

"Yet it seems to be established that if a public officer acts maliciously or wantonly; if the work which he performs be done rather to injure a private individual than to discharge a public duty; he is responsible for the consequences. He cannot recklessly, wantonly, or maliciously invade private rights, and protect himself under the authority of the law. He is not allowed to find shelter under the wing of public authority when he is assailed for acts done for the gratification of his own malignant feelings, or with a wicked disregard of the interests of others . . . A mere intent to do an act which must work harm to the plaintiff was not enough to strip them of their shield. They were defence-less only if their intent to injure the plaintiff was malicious, or so wanton or reckless as to prove that it was malicious. A mistake of judgment was not enough to make them liable to damages. Nor is a court and jury to review their judgment while they act within the scope of their authority. Such a measure of immunity to public officers the interests of society and the en-forcement of the laws demand": Yealy v. Fink, 43 Pa. 212, 215-17. The rule of that case has been cited with approval in Burton, supra; American Pavement Co. v. Wagner, 139 Pa. 623; Schwinn v. Gordon, 134 Superior Ct. 422; and Highway Paving Company v. Hausman, 171 F. Supp. 768. See also Kendall v. Stokes, 3 How. 87, 11 L. Ed. 512, and Prosser, Torts (2nd ed.), ch. 24, §109, page 781.

Plaintiff cites Fitzpatrick, supra, Geiger v. Madden, 58 Pa. Superior Ct. 616, and Stevenson v. Phoenixville Borough, 1 Chester 113, in support of his position. But Geiger involved the negligent, even wanton, *affirmative* act of a police officer in shooting and killing

another without color of right and does not support plaintiff's position here. The Norristown and Phoenixville cases held only that the municipalities were not liable for the negligent conduct of police officers in performance of a governmental function placed upon the officers by the Commonwealth, not by the municipalities. Neither case decided that the officer involved was personally liable. We have examined carefully all other authorities cited in plaintiff's behalf and find that none of them requires a different conclusion.

Since it is not clear, however, that plaintiff may not be able to plead a good cause of action by amendment, we may not enter summary judgment for defendants: Sun Ray Drug Co. v. Lawler, 366 Pa. 571; Birl v. Philadelphia Electric Co., 402 Pa. 297. Consequently, we enter the following

ORDER

And now, December 10, 1965, defendants' preliminary objection in the nature of a demurrer is sustained, and plaintiff is allowed 20 days from this date to file an amended complaint.