## DeMaio v. Lower Merion Township

*Ronald A. Blumfield,* for plaintiffs.
*Mark C. Schultz,* for Lower Merion Twp.
*John R. Warner,* for Douglas Bock.
*Claudia J. Martin,* for Pa. Dept. of Transportation.

STEFAN, *J.,* July 21, 1983—On January 10, 1979, plaintiffs filed a complaint in trespass alleging defendant Bock's negligence was the direct and proximate cause of injuries sustained by minor-plaintiff

when defendant Bock's vehicle struck him. In addition, plaintiffs allege defendant Commonwealth of Pennsylvania, Department of Transportation (PennDOT) was negligent in defectively designing, timing, installing, and erecting traffic control signals at the accident scene. On May 10, 1979, defendant Bock filed a cross-claim contending defendants Lower Merion Township (the township) and PennDOT are jointly or jointly and severally liable, or liable over to defendant Bock. The township also filed a cross-claim against defendants Bock and PennDOT on February 15, 1979. On August 24, 1982, defendant PennDOT filed a motion for summary judgment which the undersigned granted by order dated June 7, 1983, as supplemented by order dated July 1, 1983. Plaintiffs and defendant Bock now appeal.

A motion for summary judgment may be granted only if, upon examination of all well-pleaded facts in the non-moving party's pleadings and assessment of the record in the light most favorable to the party opposing the motion, it is clear no genuine issue of fact exists and judgment should be entered as a matter of law. Pa.R.C.P. 1035; Mattia v. Employers Mutual Companies, 294 Pa. Super. 577, 440 A.2d 616 (1982).

The facts are as follows: On August 2, 1940, PennDOT issued a Traffic Signal Permit to the township approving the installation of certain signals at the intersection of Montgomery, Brookhurst, Cordon, Iona, and Price Avenues. The permit provided for the modification or removal of the signals at PennDOT's direction should future conditions require such action. The Secretary of Highways reserved the right to annul or revoke the permit upon the township's noncompliance with its conditions.

Since the issuance of the permit, the township has twice requested PennDOT's assistance in studies of traffic control at the intersection. On the first occasion, in 1963, PennDOT advised the township that the requested modification of the permit would not relieve traffic congestion.

On or about September 10, 1977 at approximately 7:50 p.m., minor-plaintiff was riding his bicycle north on Iona Avenue. Minor-plaintiff turned east on Montgomery Avenue with the green light, and attempted to turn north onto Brookhurst Avenue with the same green light. Defendant Bock, who was driving in a westerly direction on Montgomery Avenue, struck minor-plaintiff.

Defendant PennDOT rightfully contends this action is barred by operation of 42 Pa.C.S. §5536(a), which provides:

"Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for: (1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement. (2) Injury to property, real or personal, arising out of any such deficiency. (3) Injury to the person or for wrongful death arising out of any such deficiency. (4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3)." Instantly, if any negligence can be attributed to PennDOT, it occurred more than 12 years prior to the accident, i.e., at the time the traffic permit was issued (1940).

The parties opposing PennDOT's motion for summary judgment claim the instant facts fall within the exception to the 12-year period of limitation set forth in 42 Pa.C.S. §5536(b)(2):

"The [12 year statute] shall not be asserted by way of defense by any person *in actual possession or control,* as owner, tenant or otherwise of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or wrongful death for which it is proposed to commence an action or proceeding." (Emphasis added.)

Plaintiffs and defendant Bock attempt to inject a question of fact — whether PennDOT was in actual possession or control of the traffic signals — by reference to the provisions of the traffic permit and the correspondence between the township and PennDOT concerning traffic studies. This argument is not persuasive. The township, not PennDOT, has been responsible for the maintenance and operation of the signals since their installation. PennDOT, does not control or possess the signals. None of the streets at the accident site are state highways. The state agency has merely retained the right to regulate the township's compliance with the terms of the traffic signal permit. Such regulation is a discretionary governmental function which not only fails to trigger 42 Pa.C.S. §5536(b)(2) but also fails to give rise to an affirmative duty to act. Doughty v. Philadelphia Rapid Transit Company, 321 Pa. 136, 184 Atl. 93 (1936).

In light of the foregoing, the court acted properly in granting PennDOT's motion for summary judgment.

## ORDER SUR MOTION FOR SUMMARY JUDGMENT OF COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION

And now, this June 7, 1983, after argument and consideration of briefs, defendant Commonwealth of Pennsylvania, Department of Transportation's motion for summary judgment is granted. The prothonotary of this court is hereby directed to enter judgment in favor of the Commonwealth of Pennsylvania, Department of Transportation only and against plaintiffs.

## SUPPLEMENTAL ORDER SUR MOTION FOR SUMMARY JUDGMENT OF COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION

And now, this July 7, 1983, after argument and consideration of briefs, defendant Commonwealth of Pennsylvania, Department of Transportation's motion for summary judgment is granted. The prothonotary of this court is hereby directed to enter judgment in favor of the Commonwealth of Pennsylvania, Department of Transportation only and against plaintiffs and defendant Douglas Bock and defendant Lower Merion Township.